SARTAIN, Judge.
This case involves a rear end collision which occurred at 12:30 a. m. on December 14, 1963, on the Airline Highway in the City of Baton Rouge, between a 1957 Studebaker automobile operated by Larry Knight and a 1960 Ford operated by W. J. Reeves. Plaintiff’s nephew, Ralph Sharon, was riding as a guest passenger in the Knight automobile. Plaintiff as the tutrix of her minor nephew, Ralph Sharon, instituted this suit against Archie Knight, owner of the Studebaker automobile and *284 W. J. Reeves, operator of the Ford automobile. Judgment was rendered in her favor against both defendants in solido in the amount of $125.70 for special damages, and in the amount of $750.00 for the use and benefit of her minor nephew, for pain and suffering sustained by the said Ralph Sharon.
Defendant, Archie Knight, has appealed devolutively contending that the judgment rendered against him in solido with defendant Reeves should be set aside on the grounds that Reeves’ negligence was the sole, proximate cause of the accident. Plaintiff has also devolutively appealed asking for an increase in the amount of damages assessed for the personal injuries sustained by her nephew. Defendant Reeves has neither appealed nor answered this appeal. Therefore, the issues before us relate to Larry Knight’s negligence and whether or not his negligence, if he be negligent, was a proximate cause of the accident and also to the amount of damages awarded.
The Airline Highway (U. S. Highway 61 and 190) at the scene of the accident is a four lane concrete highway running generally east and west. Casper Street is a two lane street, partly gravel but becoming black top asphalt a short distance before intersecting the Airline Highway from the south. The Airline Highway is a major thoroughfare and Casper Street is a non-favored street controlled by a stop sign. Furthermore, the Airline Highway runs in a straight line for some distance in both directions from the intersection.
At the time of the accident there were six people in the Knight automobile, Larry Knight, driving, with Jimmie Baril-leaux and Ralph Sharon in the front seat, and Otis Shelton, Randy McGraw and Tommie Richey in the rear seat. All were returning home from the dance. Reeves was alone in the Ford. McGraw and Richey were unavailable to testify. Larry Knight died between the date of the accident and trial in the lower court. The remaining three occupants of the Knight automobile were available and did testify. The trial judge held that the proximate cause of the accident was the joint and concurring negligence of the drivers of both vehicles. We believe that he was eminently correct in this decision.
The stated speed limit on Airline Highway where the accident occurred is 50' miles per hour. Reeves stated that he was-traveling in a westerly direction approximately 60 miles per hour and that he. first saw the Studebaker automobile when he was 60 to 90 feet from the intersection and as the Studebaker was proceeding across the southern lanes of the Airline-Highway. He further testified that he did not apply his brakes but removed his foot from the accelerator. The trial judge concluded that- Reeves was negligent ini traveling at a speed in excess of the speed limit under adverse weather conditions.
The witnesses for the defendant testified that as they were leaving a dance at the Baton Rouge Recreation Park Commission’s Monte Sano Center some time before-midnight on December 13, 1965, Larry Knight asked them if they wanted a ride-home. They accepted. Shortly thereafter the Knight vehicle proceeded northerly on Casper Street, approached the Airline Highway and stopped at the stop sign there. The passengers in the Knight automobile testified that they could see generally to the left and to the right. However, they did not see the Reeves vehicle or its headlights proceeding westerly on the Airline Highway from their right. The Knight vehicle crossed the southern lanes for eastbound traffic on the Airline Highway, turned west and travelled for “20, 30, or 40 yards” at about 10 to 15 miles per hour and as Knight attempted to change from the left to the right lane, they were suddenly struck from behind by the Reeves automobile. The force of the impact caused them to skid in a turning manner. They came to rest on the north *285 side of the highway at a filling station, approximately 140 feet west of the Casper-Airline Highway intersection.
At the time of the accident it was raining heavily and the streets were very wet. When the police arrived, twenty minutes later, the rain had washed away any debris or broken glass which would have assisted in determining the point of collision.
As to the negligence of Larry Knight, the trial judge is correct in his appreciation of the law and the facts involved in this case. A left turn is a highly dangerous maneuver, and the onus is on the one attempting such a turn to show that he carefully looked in all directions and proceeded only after it became apparent to him that the left turn could be completed without jeopardizing the right of others to continue in their normal traffic pattern. Furthermore, it is the clear duty of a motorist attempting to turn to his left into a main thoroughfare to make certain that no traffic is approaching from his right. Dyck v. Maddry et al., La.App., 81 So.2d 165. The Airline Highway at this point is well lighted. It was the absolute duty of young Knight to ascertain whether or not he could proceed across the eastbound lanes of the Airline Highway and safely negotiate a left turn to proceed west. When he merely stopped at the stop sign, he had performed only one-half of his duty.
We shall now direct our attention to the question of damages awarded to the plaintiff for the use and benefit of the minor, Ralph Sharon, for personal injuries sustained by the said youth. These injuries were medically defined as “acute lumbo-sacral strain and cervical sprain”.
The impact of the collision rendered Sharon momentarily unconscious. He was assisted from the automobile by several of the occupants. The force of the impact of the two cars tore the seat on which Sharon was sitting from the floor of the vehicle. He was seen by the doctor on the morning of the accident and received conservative therapy, consisting of medication for pain, a program of ultrasound treatment, and advised to use heat at home, sleep on a hard bed, do no lifting, and to take it easy. He was disabled for a period of three weeks. At the time of his discharge on January 7, 1964 he was still experiencing some pain, and a little difficulty sleeping. The doctor prescribed some sleeping medication and left to his discretion as to whether or not he should come back for further treatment. He testified that he continued to have a small amount of discomfort for an additional two months.
The trial judge classified these injuries in the lower group. In his reasons for judgment he stated:
“I have listened to the medical testimony dealing with this young man’s injuries and, in my opinion it would he classified in the lower group of such injuries and will carry an award generally recognized as proper in that group. Furthermore, the evidence shows that Mr. Reeves is not a man of any wealth, that he perhaps does not earn more than is necessary for the support of his family, yet at the same time he must be held to answer, to some extent at least, for his torts. There is no evidence in the record as to the ability of Mr. Knight to respond in judgment, but, from all the facts and circumstances surrounding this case, the court has the impression at least that his financial situation is probably about the same as that of Mr. Reeves.
“In view of all these facts and in view of the fact that this young man, Ralph Sharon, suffered injuries that had subsided in slightly more than three weeks from the date of the injury, that he was never hospitalized, that he was never placed in traction, but that he was given conservative treatment to which he responded satisfactorily, it is my opinion that an award for his personal injuries in the amount of $750 would do justice to all the parties. To that will be added judg *286 ment in favor of the named plaintiff here, Juanita Howell, the tutrix of this minor, in the amount of $125.70, and in her favor for and in behalf of the minor, Ralph Sharon, in the amount stated, that is, $750.” (Emphasis ours)
In classifying the injuries sustained by Sharon as falling “in the lower group for such injuries”, the trial judge was possibly referring to Cassreino v. Brown et al., La.App., 144 So.2d 608, wherein the court there classified three degrees of severity for this type of injury. The record in the case at bar amply supports this conclusion. The award of $750.00 places the injuries sustained by Sharon at the lower limit of such classification. This would be correct if the trial judge had considered only the ability of defendant Reeves to stand in judgment. However, in imputing the same impecunious condition to co-defendant Knight, the trial judge committed manifest error. As stated by the trial judge in his oral reasons above quoted and emphasized by us, “There is no evidence in the record as to the ability of Mr. Knight to respond to judgment, * * * ”. As a matter of fact, the trial judge at the conclusion of the trial and before the case was submitted inquired of counsel for Knight if he wanted to offer any evidence of his client’s ability to pay and for reasons not contained in the record no evidence in this regard was offered.
In assessing damages the court may consider the ability of a defendant to stand in judgment. However, where there are co-defendants and they are cast jointly and in solido, the evidence must clearly show the inability of all defendants to respond before a judgment is rendered in a lesser amount than would ordinarily be given against more responsive defendants. In the instant case, Knight’s inability to pay cannot be presumed. Accordingly, we find that the damages awarded in the amount of $750.00 are inadequate and should be increased by the sum of $400.00.
For the above and foregoing reasons the judgment of the lower court is amended and as amended awards judgment in favor of plaintiff and against both defendants, jointly and in solido, for the use and benefit of her minor nephew, Ralph Sharon, in the amount of $1,150.00, together with legal interest thereon from date of judicial demand and for all costs.
In all other respects the judgment of the lower court is affirmed.
Defendants to pay the costs of this appeal.
Amended and as amended, affirmed.