293 So.2d 674 (1974)
Willie LYONS
v.
Joseph Earl LANDRY.
No. 9807.
Court of Appeal of Louisiana, First Circuit.
April 22, 1974.
Kenneth O. Privat, Crowley, for appellant.
Charles L. Miller, Baton Rouge, for appellee.
Before SARTAIN, J., and VERON and BAILES, JJ. pro tem.
JULIAN E. BAILES, Judge pro tem.
In this action the plaintiff, father of defendant's wife from whom defendant is living separate and apart, although not judicially separated, seeks to recover from the defendant the sum of $1325 which he allegedly expended for and on behalf of defendant's wife.
Plaintiff itemizes his expenditures as being $400 for payment of a hospital bill; $1,000 ($200 per month for five months) for support of defendant's wife because defendant refused to support her; $75 in payment of an attorney fee incurred in a suit for separation from bed and board filed by defendant's wife; and $130 for repairing *675 and painting the automobile used by defendant's wife; and that the defendant is entitled to a credit of $280 which he paid on the foregoing indebtedness prior to suit.
The defendant filed peremptory exceptions of no right and no cause of action. The ground urged as the basis for the exception of no cause of action is, as follows:
"The plaintiff has failed to state a cause of action in that he himself was under a duty to support his daughter and in doing so he merely satisfied his own obligation of supporting his daughter."
The trial court sustained the exception and dismissed plaintiff's suit at his cost.
In his brief to this court, defendant addresses the ground urged in the exception, and in addition he argues that plaintiff cannot recover the funds expended for the reason he had not alleged that defendant's wife was in necessitious circumstances which required such outlay.
We will consider the exception of no cause of action in the language of the exception as it was considered by the trial court.
We do not view the action of the plaintiff-father in making the expenditures for the daughter in any way as the discharge of any obligation imposed on a parent under LSA-C.C. Article 229.
The obligation of the husband to support his wife and to provide her with whatever is required for her living commensurate with his ability is imposed in the contract of marriage and arising under LSA-C.C. Articles 120 and 1786. This obligation to support is paramount to any obligation of the parent created by LSA-C.C. Article 229 in this case.
The wife is expressly empowered by LSA-C.C. Article 1786 to enter into a contract binding on the husband for obtaining necessaries for herself and family where the husband does not himself provide them.
Obviously the petition would have been more artfully drawn if it had expressly alleged that defendant's wife, at the time the expenditures were made, was in necessitous circumstances, and that there was either an express or implied agreement to repay the plaintiff. However, the lack of such an allegation is not per se a legal basis for dismissal of plaintiff's suit.
As was stated in Brunson v. Mutual Life Ins. Co. of New York, 189 La. 743, 180 So. 506, a vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action.
Also see: Matte v. Continental Trailways, Inc., La., 278 So.2d 60, and we note, as apropos herein what the Supreme Court said in Rebman et al. v. Reed, La., 286 So. 2d 341, 342:
"We find that the petition pleads sufficient facts to establish a case. Further, we do not find anything on the face of the petition or in the documents incorporated therein which would as a matter of law preclude recovery by the plaintiffs. * * *."
It seems clear to us that the plaintiff, by alleging that defendant's wife was confined in a hospital, the charges of which he paid after defendant refused, and that he advanced money to defendant's wife after defendant refused to allow her to return to the matrimonial home or to support her, has brought his action within the purview of LSA-C.C. Articles 120 and 1786. After all, whether the wife was in necessitous circumstances thus making her an agent of the defendant to contract for the payment or repayment of these expenditures is a fact matter to be considered from the evidence presented in the trial of the case.
*676 For these reasons the judgment of the trial court sustaining the exception of no cause of action is reversed and this case is remanded to the trial court for further proceedings not inconsistent herewith. Cost of this appeal to be paid by defendant-appellee. All other costs to await final determination on the merits.
Reversed and remanded.