353 So.2d 449 (1977)
Roy Lee LANDRY, Plaintiff-Appellant,
v.
John J. MARTIN et al., Defendants-Appellees.
No. 6188.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
Rehearing Denied January 12, 1978.
Writ Refused February 24, 1978.
*450 Plaisance & Franques by A. J. Plaisance, Lafayette, for plaintiff-appellant.
Voorhies & Labbe by William M. Bass, Lafayette, for defendants-appellees.
Before HOOD, CULPEPPER and FORET, JJ.
HOOD, Judge.
Roy Lee Landry claims damages for personal injuries sustained by him as the result of a motor vehicle collision. The defendants are Mr. and Mrs. John J. Martin and their insurer, Aetna Casualty and Surety Company. The policy which Aetna issued to the Martins limits the liability of the insurer to $10,000.00 for injuries to one person.
After trial on the merits, the trial court rendered judgment in favor of plaintiff Landry and against all defendants, in solido, for $10,000.00, and in favor of plaintiff and against Mr. and Mrs. Martin, individually and in solido, for $61,231.94. The judgment also decreed ". . . that John J. Martin and Mrs. John J. Martin are unable to respond in judgment and, accordingly, the sums awarded hereinabove against them are limited to the limits of the policy of insurance, issued by Aetna Casualty & *451 Surety Company, to said individuals, reserving to Roy Lee Landry the right, if any he has, to proceed against Aetna Casualty & Surety Company for the excess over and above its policy limits, and/or the right, if any he has, to proceed for any underinsured motorist insurance benefits." Plaintiff appealed.
The issues presented are (1) whether the trial court erred in considering, during the trial of the case on its merits, the alleged inability of the Martins to pay the damages sustained by plaintiff, (2) whether the Martins, in fact, are unable to pay the amount awarded to Landry, and (3) whether the award made by the trial court is inadequate.
On November 16, 1975, an automobile being driven by plaintiff was struck from the rear by a vehicle being driven by Mrs. Martin, one of the defendants. Plaintiff sustained injuries as a result of that collision. The trial judge held that Mrs. Martin was negligent and that her negligence was the sole proximate cause of the accident. That finding of negligence by the trial court is not questioned on this appeal.
Defendants Mr. and Mrs. Martin specifically pleaded, in the alternative and in the event they should be found to be liable to plaintiff, that they are unable to pay or respond to any judgment in excess of the coverage provided in their policy with Aetna. They alleged that for that reason any award which may be made to plaintiff should not be in excess of their policy limits.
At the trial, Mr. and Mrs. Martin introduced evidence tending to show their inability to pay any judgment which might be rendered against them. They testified as to their income, living expenses, debts and assets, and they filed documents to support their statements. Plaintiff objected to their testimony, but his objections were overruled and the trial judge considered that evidence in deciding the case on its merits. The judge stated in his reasons for judgment that "These individual defendants have pled their inability to respond in judgment and the court does find from the evidence presented that they are in fact unable to respond in judgment and, accordingly, the court will award the sums previously stated but limit recovery in this instance to the amount of the policy of insurance.. . . ."
Plaintiff contends that the trial court erred in considering, during the trial of the case on its merits, evidence relating to defendants' inability to pay damages to plaintiff. He argues that the question of whether defendants are able to pay should be considered only in separate proceedings, ". . . after rendition of an adequate judgment to plaintiff, when the plaintiff in such cases as in this immediate case attempts to execute on the judgment." We find no merit to that argument.
The law is settled that a defendant in a tort action may present evidence during the trial of the case on its merits to show his inability to pay general damages, and that the trial court may consider that evidence in determining the amount of the award of such damages. Tabb v. Norred, 277 So.2d 223 (La.App. 3 Cir. 1973); Rollins v. New York Fire and Marine Underwriters, 225 So.2d 663 (La.App. 3 Cir. 1969); LeDoux v. Southern Farm Bureau Cas. Ins. Co., 339 So.2d 966 (La.App. 3 Cir. 1976).
We conclude that the trial judge did not err in admitting evidence at the trial relating to the defendants' inability to pay, and in taking that evidence into consideration in determining the amount of the award.
Plaintiff contends next that Mr. and Mrs. Martin have failed to establish that they are unable to pay or to respond to the judgment which was rendered. He argues that the trial judge erred in failing to consider the potential income of the Martins, as well as their current wages and assets, in determining whether they are able to pay the amount of damages which were found to have been sustained by plaintiff.
The record shows that Mr. Martin is about 34 years of age, and that Mrs. Martin is about 29. They have two children. Mr. Martin is regularly employed at a gross salary of about $220.00 a week, his take-home pay being about $165.00 per week. *452 He participates in a retirement plan, to which his employer contributes, but he does not know how much he has contributed to that plan or the value of his interest in it. He stated that he normally obtains a refund on his income taxes, and that last year his refund amounted to about $600.00. He owns no land and no stocks or bonds. Neither he nor his wife has a savings account.
Mrs. Martin testified that their living expenses amounted to about $420.00 per month, and that they pay the additional sum of about $419.27 each month to apply on their debts, making their total expenses amount to approximately $839.27 per month. The principal debt owed by the Martins is in the amount of $23,063.94, that being the balance due on the purchase price of the trailer home in which they live. They bought that trailer in March or April, 1976, which was after the accident involved here occurred and two or three months after the instant suit was filed. Other debts on which they are making payments are $593.46 representing the balance of the purchase price of a color television, $250.00 for the purchase of a stereo component system, and $3,796.48 being the balance due for the purchase of a camper for their pick-up truck.
The trial judge, after considering the above facts, concluded that the Martins were unable to pay any amount over and above the limits of their policy with Aetna, and he thus rendered judgment which, in effect, relieved them of any liability for the damages caused by Mrs. Martin's negligence. We have concluded that the trial court erred.
The "ability to pay" doctrine is founded on the principle that courts will not grant vain and useless relief, or render a judgment which is incapable of execution. Williams v. Garner, 268 So.2d 56 (La.App. 1 Cir. 1972). That doctrine should not be applied, however, to completely relieve a defendant from liability for damages inflicted by his own negligence, or to reduce the award of damages to a bare minimum. Smith v. Freeman, 31 So.2d 524 (La.App. 2 Cir. 1947); Lacaze v. Horton, 100 So.2d 252, 255 (La.App. 2 Cir. 1958). See also Tabb v. Norred, supra.
In Lacaze, supra, the court said:
". . . After consideration of all the facts bearing upon the opposed contentions of the parties litigant, we are impelled to the conclusion that the judgment in the instant case is an extreme and unwarranted application of the principle that, in fixing the quantum of damages allowed, consideration should be given to the ability of a defendant to pay. It must be borne in mind that this principle is not intended to completely relieve a defendant of liability for reparation of damages inflicted by his own negligence, nor should it be considered as justifying the reduction of the allowance of damages to a bare minimum. Either of these alternatives, in our opinion, would be an extreme application of the principle and would result in effecting a gross injustice toward a plaintiff, under the guise of the application of a humane consideration for the plight of an impecunious defendant."
The burden of proof rests on defendants, Mr. and Mrs. Martin, to show that they are unable to pay or to respond to the judgment. Jagers v. Royal Indemnity Company, 276 So.2d 309 (La.1973); Hilburn v. Johnson, 240 So.2d 767 (La.App. 2 Cir. 1970).
The evidence in the instant suit shows that Mr. and Mrs. Martin are relatively young. Although Mr. Martin underwent surgery on November 17, 1975, the day after the above accident occurred, to correct a congenital defect in his back, the record indicates that he has recovered and we assume that he is in good health. He is regularly employed and has an interest in a retirement plan.
The living expenses of the Martin family are less than Mr. Martin's earnings, but the total amount expended by them toward living expenses and payment on debts exceeds their income. We notice, however, that most of the debts owed by the Martins are for the purchase of items of movable property. Some of those purchases were made *453 recently, and some of the items which were bought must be classified as luxuries. It is reasonable to assume, in the absence of evidence to the contrary, that in each such purchase the defendants acquired assets which were at least equal in value to the amount of the debt incurred for the purchase price. In any event, the evidence fails to show that the Martins are impecunious or insolvent.
The record does not contain an inventory of the assets presently owned by the Martins, and it does not purport to show the value of the equity which they own in the recently purchased items of property. It does not indicate whether Mr. or Mrs. Martin will or may acquire additional assets later, or what their potential income might be in the future.
In determining whether a defendant is able to pay or respond to a judgment for damages rendered against him, the court may consider the "potential ability" of the defendant to pay. His potential ability to pay should not be made the primary or exclusive basis of an award in damages, but it may and should be considered in determining the amount which he should be condemned to pay.
In Theriot v. Gianelloni, 121 So.2d 275, 278 (La.App. 1 Cir. 1960), the First Circuit Court of Appeal said:
". . . In this same connection defendant points with confidence to the written reasons for judgment filed herein by the learned trial judge wherein he states he was of the opinion plaintiff was entitled to recovery far in excess of the sum assigned but that recovery was limited to the extent of $3,000 because of defendant's financial inability to answer in damages. On this important phase of the case the record confirms defendant's contention that he is a 23 year old, third-year college student with no income and virtually no assets. However, the record further indicates defendant possessed of considerable potential wealth in that his father is the owner of a rather large plantation on which is located an undisclosed number of producing oil wells. We believe the record justifies the conclusion defendant's potential inheritance and earning ability are of considerable proportions. While potential ability to pay may not be made the primary or exclusive basis of an award in damages neither may it be completely ignored and disregarded. The record convinces us that defendant's social, economic and educational background is such that in the normal course of events he may reasonably be expected to attain at least moderate financial success which circumstances must be considered in determining his ability to recompense an injured party in damages for personal injuries inflicted."
* * * * * *

"We believe our learned brother below erred in completely ignoring and disregarding the financial potential of the present defendant and the award granted must be increased." (Emphasis added).
No constitutional issue is presented here. We note with interest, however, the following comment in the article entitled "The Ability to Pay Doctrine in Louisiana," appearing in 36 L.Law Rev. 248, 255, footnote 43:
". . . Louisiana courts have stated that the ability to pay doctrine prevents the courts from granting `vain and useless' judgments and thus presumably preserves the integrity of the courts and promotes judicial efficiency. However, the stated objective will only be achieved if the court is able to precisely calculate at the time of trial the defendant's potential for future wealth. An impecunious defendant might obtain future wealth by way of unsuspected inheritance, salary increase, or other means. Absent the `ability to pay' obstacle, a plaintiff unable to satisfy his judgment by immediate execution could seize such future wealth at any time during the life of the judgment. Since even the most destitute defendant might obtain future wealth, arguably the presumption that a full judgment is incapable of execution does not reasonably promote either judicial integrity or efficiency, and therefore violates the fourteenth *454 amendment. Furthermore, if the ability to pay doctrine is viewed primarily as a means to afford relief to the impecunious defendant, although application of the doctrine may be a rational means of furthering that objection, the purported state interest may conflict with federal bankruptcy law and be considered as preempted by federal law and policy."
After considering all of the evidence in the instant suit, we have concluded that defendants, Mr. and Mrs. Martin, have failed to meet the burden of proof which rests on them of establishing that they are unable to pay anything on the judgment rendered by the trial court. The judgment can, and presumably it will, remain in effect for many years unless defendants are relieved from payment by some other means. We do not believe, however, that the evidence justifies a conclusion that the Martins are unable to pay anything on the judgment now and that they will never be able to make such a payment.
For the above reasons, we have decided that the judgment of the trial court must be amended to delete that part of it which decrees that Mr. and Mrs. Martin are unable to respond in judgment, and which limits the award to the coverage provided in the policy which Aetna issued to the Martins.
We turn now to the question of whether the award of damages made by the trial court should be increased, as urged by plaintiff.
Plaintiff Landry is about 36 years of age. The injuries he sustained consisted largely of a ruptured disc in the L-5 and S-1 area. The trial judge found that plaintiff would have to have the ruptured disc surgically repaired, and that even with that surgery he would be permanently disabled from performing strenuous manual labor. He concluded, however, that after the surgery is performed, plaintiff will be able to pursue employment in the sales end of the oil industry or in other fields not requiring heavy manual labor. On the basis of that finding, the trial court awarded plaintiff the aggregate sum of $71,231.94, which included an award of $50,500.00 as general damages, $16,200.00 as loss of wages, and $3,000.00 for future medical expenses.
Defendants have not appealed, they have not answered plaintiff's appeal, and they do not argue here that the amount of the award made to plaintiff should be reduced. Plaintiff contends that the award should be increased substantially. We have decided that the total award of $71,231.94 made by the trial court is adequate to compensate plaintiff for all of the damages he sustained, and that the award thus should not be increased.
Plaintiff conceded that he was not employed at the time the accident occurred. He worked as a salesman for Industrial Divers, Inc., for a period of eight or nine months, from January until September, 1975, but he has had no employment of any kind since the last mentioned date. He thus was unemployed when the accident occurred on November 16, 1975. Immediately prior to his employment by Industrial Divers, he worked for A-1 Boat and Tool Company for about one year, and prior to that he worked for Dresser Industries for about one and one-half years. In each of those employments he served as a salesman or as a warehouse manager for his employer. Our understanding is that he had not been required to perform heavy manual labor on any of those jobs.
Landry contends, and he told the doctors who examined him, that he was a "hard-hat commercial diver" at the time the accident occurred, and he bases his claim for damages partly on the ground that he will not be able to continue his work as a diver. The evidence shows that he was not then, and he never has been, a commercial diver. He made a few shallow dives for pleasure several years before the accident, but he has never done any diving for pay or as a business. He stated that he had planned to do some commercial diving later, and that he had a barge salvage job "lined up" at the time of the accident, for which he would have received $6,000.00.
*455 The trial judge noted in his reasons for judgment that plaintiff "was preparing to go into a new venture as a commercial diver, and that he had in fact had one contract lined up for which he would receive the sum of $6,000.00." We gather from that comment that the award made by the trial court for loss of wages was based partly on his loss of income as a commercial diver. In our opinion the evidence fails completely to show that plaintiff had contracted to perform a diving job. Even if such a contract had been entered into, however, plaintiff conceded that he would have to look at the barge before he could determine whether a salvage job could be performed, and he didn't even know where the sunken barge was located. He had no diving equipment, he had never attempted to perform a salvage job of any kind, and he had never done any deep diving even for pleasure, so there was no showing that he could have done the work or that the venture would have been profitable if he had undertaken to perform it. We find that his claim for loss of income from this new intended commercial diving venture is too speculative to serve as the basis for an award of damages.
In view of the fact that plaintiff was not employed when the accident occurred, that his employment had been somewhat unstable prior to that time, and that his other proposed business venture is highly speculative, we question whether the evidence supports the trial court's award for loss of wages resulting from the accident. Defendants do not seek to have the award reduced. We feel, however, that the trial court was generous in allowing plaintiff to recover for loss of wages. Partly for that reason, and partly because the medical evidence indicates that after surgery plaintiff will be able to return to substantially the same kind of work he had been performing before the accident, we have decided that the award of damages made by the trial court should not be increased.
Our ultimate conclusion is that the judgment appealed from should be affirmed insofar as it condemns all defendants, in solido, to pay $10,000.00 to plaintiff, and condemns Mr. and Mrs. Martin to pay the additional sum of $61,231.94. We feel, however, that the judgment should be amended by deleting the provision which decrees that Mr. and Mrs. Martin are unable to respond in judgment, and that the award is restricted to the limits of the policy issued by Aetna.
For the reasons assigned, the judgment appealed from is amended to delete the provision which decrees ". . . that John J. Martin and Mrs. John J. Martin are unable to respond in judgment and, accordingly, the sums awarded hereinabove against them are limited to the limits of the policy of insurance, issued by Aetna Casualty & Surety Company, to said individuals, reserving to Roy Lee Landry the right, if any he has, to proceed against Aetna Casualty & Surety Company for the excess over and above its policy limits, and/or the right, if any he has, to proceed for any underinsured motorist insurance benefits." In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellees, Mr. and Mrs. John J. Martin.
AMENDED AND AFFIRMED.