364 So.2d 1383 (1978)
Nathan HENTON, Plaintiff,
v.
SOUTHEASTERN FIDELITY INSURANCE COMPANY, Defendant and Third-Party Plaintiff, Appellant,
Eddie B. JONES, Defendant and Third-Party Defendant, Appellee.
No. 6709.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
*1384 McLure & McLure, John G. McLure, Alexandria, for defendant-appellant.
Antoon & Dalrymple by Joseph T. Dalrymple, Alexandria, for defendant-appellee.
Neblett, Fuhrer & Flournoy by Robert B. Neblett, Jr., Alexandria, for plaintiff-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
GUIDRY, Judge.
In this suit plaintiff, Nathan Henton, seeks to recover special and general damages sustained as a result of an automobile accident which occurred on November 2, 1976. Plaintiff alleged that the accident was caused solely and proximately by the negligence of defendant, Eddie Jones (hereafter Jones). Plaintiff also joined his own insurer, Southeastern Fidelity Insurance Company (hereafter Southeastern) as a defendant under allegation that at the time of accident, Eddie B. Jones was an uninsured motorist within the provisions of the insurance policy issued to him. Southeastern filed a third party demand seeking indemnity from Jones for the amount which it paid plaintiff under the collision coverage of the policy issued by Southeastern as well as for judgment for such amount as Southeastern might be cast under the uninsured motorist provisions of its policy.
The trial court in written reasons for judgment concluded that plaintiff, as a result of Jones' negligence, was entitled to recover the total sum of $9500.00, which he itemized as follows: $1203.84 for lost wages; $1404.30 for medical expenses; and, $6891.86 in general damages. In addition the trial court found that plaintiff was entitled to recover the collision deductible under his insurance policy, i. e., the sum of $100.00. The trial judge next determined that Jones was impecunious and unable to pay full judgment value. Accordingly, on the principal demand he awarded plaintiff judgment against Jones for the amount of his collision deductible only, casting defendant, Southeastern, for the balance or $9500.00 and all costs. On the third party demand, the trial judge awarded Southeastern judgment against Jones in the amount of $3221.14, concluding that because of Jones' impecuniosity Southeastern should not be indemnified for any part of the general damage award but was entitled to recover all special damages paid by Southeastern, including the collision loss on plaintiff's automobile. In this latter connection the trial court concluded that special damages were not a proper subject for mitigation.
Southeastern has appealed and assigns as error the trial court's refusal to award it judgment against Jones for any portion of the general damage award made to plaintiff. Neither plaintiff nor Jones have appealed or answered the appeal of Southeastern.
We determine that our learned trial brother erred in concluding that impecuniosity may relieve a defendant of all liability for reparation of general damages. In Landry v. Martin, 353 So.2d 449 (La.App. 3rd Cir. 1977) we spoke to this very issue and stated the applicable law to be as follows:

"The `ability to pay' doctrine is founded on the principle that courts will not grant vain and useless relief, or render a judgment which is incapable of execution. Williams v. Garner, 268 So.2d 56 (La.App. 1 Cir. 1972). That doctrine should not be applied, however, to completely relieve a defendant from liability for damages inflicted by his own negligence, or to reduce the award of damages to a bare minimum. Smith v. Freeman, 31 So.2d 524 (La.App. 2 Cir. 1947); Lacaze v. Horton, *1385 100 So.2d 252, 255 (La.App. 2 Cir. 1958). See also Tabb v. Norred, supra.

In Lacaze, supra, the court said:
`. . . After consideration of all the facts bearing upon the opposed contentions of the parties litigant, we are impelled to the conclusion that the judgment in the instant case is an extreme and unwarranted application of the principle that, in fixing the quantum of damages allowed, consideration should be given to the ability of a defendant to pay. It must be borne in mind that this principle is not intended to completely relieve a defendant of liability for reparation of damages inflicted by his own negligence, nor should it be considered as justifying the reduction of the allowance of damages to a bare minimum. Either of these alternatives, in our opinion, would be an extreme application of the principle and would result in effecting a gross injustice toward a plaintiff, under the guise of the application of a humane consideration for the plight of an impecunious defendant.'"
The record reflects that our trial brother refused to allow third party plaintiff indemnification for any portion of the general damage award in favor of plaintiff. This was error.
We likewise find, however, that our trial brother erred in concluding that special damages are not subject to mitigation because of a defendant's impecuniosity. In the recent case of State Farm Fire & Casualty Company v. Drost, 330 So.2d 393 (La. App. 3rd Cir. 1976) we expressed disagreement with the holding of our brethren of the Fourth Circuit in Becnel v. Ward, 286 So.2d 731 (La.App. 4th Cir. 1974), to the effect that special damages could not be mitigated, and stated:

"Plaintiff has not cited, nor have we found, any other case supporting its contention that special damages may not be reduced because of defendant's inability to pay. Of course, the rule is well established in Louisiana jurisprudence that the financial ability of defendant to pay is a circumstance which may be considered in assessing an award for damages. Lambert v. Foy, La.App., 224 So.2d 11 (1st Cir. 1969); Urk v. Southern Farm Bureau Casualty Insurance Company, La.App., 181 So.2d 69 (2d Cir. 1965) and the authorities cited therein.

It is our view that defendants' ability to pay is a factor which can be taken into consideration in awarding either special or general damages. . . ." (Emphasis ours)
The trial judge in his written reasons made reference to Drost, supra, but concluded that our later holding in Landry v. Martin, supra, held to the contrary. In Landry, supra, unlike Drost, supra, the precise issue was not made that special damages were not a proper subject for mitigation. Although in Landry, we did make the following statement:
"The law is settled that a defendant in a tort action may present evidence during the trial of the case on its merits to show his inability to pay general damages, and that the trial court may consider that evidence in determining the amount of the award of such damages . . ." (citations omitted)
We did not intend to imply that special damages were not also a proper subject for mitigation. With regard to mitigation of special damages we adhere to the views expressed by us in Drost, supra.
Although we find that our brother below erred in his refusal to mitigate special damages and in mitigating general damages down to zero, we ultimately conclude that the result reached is correct. The record leaves little doubt concerning Jones' impecuniosity. In this regard the trial judge stated:
"Defendant, Eddie Jones, is a 55 year old laborer and truck driver who earns approximately $500.00 per month. This defendant still owes hospital bills for treatment he received for injuries sustained in this accident. In addition he is still paying a $56.00 monthly note for his truck which was destroyed in this accident. He also pays $125.00 a month for rent, plus utilities. He has no phone, and is making monthly payments to two finance companies.

*1386 His wife is ill, and he must pay monthly medical bills of $51.00 for this illness. His wife is also in need of surgery which he cannot afford.

It is apparent to this court, that these facts warrant a mitigation due to defendant's inability to pay full judgment value.. . ."
We agree with this finding of the trial court and ultimately conclude that when the awards for both special and general damages are mitigated in light of Jones' circumstances an award to third party plaintiff in the amount of $3221.14 does substantial justice to both parties.[1]
We find no merit in appellant's contention that the "inability to pay" rule is inapplicable to a subrogation claim filed pursuant to the provisions of LSA-R.S. 22:1406 D (4). Under the cited statute appellant is subrogated to only such rights as held by plaintiff. Since the jurisprudential rule allowing mitigation of damages applies to plaintiff, it likewise applies to appellant's claim in subrogation.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Even if the record in this case warranted an award to third party plaintiff less than that made by the trial court we would be powerless to reduce such award since third party defendant has neither appealed nor answered the appeal of third party plaintiff.