FORET, Judge.
This is a custody case, in which the father, Larry Arnold, is attempting to gain custody of his two-year-old son, Lamont Arnold, from his former wife and mother of the child, Margaret Arnold. Margaret Arnold has appealed from a judgment changing custody to Mr. Arnold.
The issues on appeal are:
(1) Did the petition of Larry Arnold sufficiently state a cause of action; and
(2) Did the trial court commit reversible error in finding a custody change to be in the “best interest” of the child solely because the minor spent most, if not all, weekdays and nights with his maternal aunt.
CAUSE OF ACTION
Filed with the appellee’s answer was a peremptory exception of “no cause of action”. The peremptory exception of “no cause of action” questions whether the law affords a remedy under the allegations made in plaintiff’s petition. Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1 Cir. 1977). The ex *530 ception must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does plaintiff have access to a legal remedy. Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3 Cir.1975). A vague, uncertain or indefinite petition is subject to a dilatory exception of vagueness, not to an exception of no cause of action. Lyons v. Landry, 293 So.2d 674 (La.App. 1 Cir. 1974).
Pertinent portions of plaintiff’s petition read:
“PETITION FOR CHANGE OF CUSTODY
# * * * * *
3.
Plaintiff believes and therefore alleges that it is in the best interest of the above named children of the marriage between the plaintiff and defendant, to be placed under his permanent care, custody and control.
4.
Plaintiff believes and therefore alleges that the defendant is not providing the kind of home life which will enable the above named children to achieve their greatest potential.
5.
Defendant is a single parent living alone with the five-year-old, Larry Edwin Arnold, while the two-year-old child, Lamont Eric Arnold, has not lived with the defendant for at least six (6) months, and has resided with defendant’s sister.”
It is respectfully submitted that these allegations leave no doubt that a cause of action for change of custody has been sufficiently alleged. See C.C. Art. 157. The trial judge was of the opinion that these allegations were somewhat vague. Nevertheless dilatory exceptions are considered waived if not filed “prior to” the filing of an answer. LSA-C.C. Art. 928 and Texas Gas Transmission Corp. v. Gagnard, 223 So.2d 233 (La.App. 3 Cir. 1969). Having already answered plaintiff’s petition, the defendant has waived the right to assert a dilatory exception of vagueness. See: Geist v. Martin Decker Corp., 313 So.2d 1, at page 6 (La.App. 1 Cir. 1975). Consequently, the trial court was correct in overruling the exception of no cause of action and proceeding to trial on the merits.
BEST INTEREST DETERMINATION
Contained in the trial court’s written reasons for judgment was the following ruling:
“The evidence clearly established that Margaret Arnold had left Lamont Eric Arnold in the care and control of her sister and would keep the child with her only on weekends. No reason was furnished the court for this action other than the mere inconvenience of delivering the child in the morning and picking him up in the afternoon. Most working mothers are burdened with that inconvenience. Mrs. Arnold has expressed a lack of concern for the welfare and being of this child, when she places her convenience over the need of a stable homelife and environment for Lamont. Lamont should be afforded the right of being raised by one of his parents rather than an Aunt or some other relative.
“It is not this Court that is bringing about the separation of Larry and Lamont; Mrs. Arnold perfected that some ten (10) months ago and it is felt that Lamont’s welfare and interest can best be served by permitting his upbringing to occur in the home of one of his parents, namely his father. If Mrs. Arnold was really concerned over the child’s welfare and interest, she should have taken a few minutes of her time each day to deliver and pick him up.”
We conclude, as did the trial judge, that it is in the “best interest” of Lamont to be placed in the custody of his father where Lamont would be raised primarily by one of his parents. Our jurisprudence clearly requires that, absent extreme circumstances, one of the parents of that child is entitled to his custody. Wood v. Beard, 290 So.2d *531 675 (La.1974), and Grimes v. Johnson, 323 So.2d 150 (La.App. 3 Cir. 1975). This basic premise was likewise asserted by our legislature in C.C. Article 157, where it is stated that “In all cases . . . permanent custody of the child or children shall be granted to the husband or wife, in accordance with the best interest of the child or children” [1]. (Emphasis added.)
Petitioner has shown that he can provide a good home for Lamont where personal interaction with his legal custodian will be the general rule throughout the week rather than the exception merely on weekends. We agree with the trial court that under these circumstances, it is in Lamont’s “best interest” that he be placed in the custody of his father. We made this determination even though there was no evidence which indicated that Lamont has not been well taken care of by his aunt. Moreover, when questioned on appeal the trial judge’s opinion is entitled to great weight. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), and Bushnell v. Bushnell, 348 So.2d 1315 (La.App. 3 Cir. 1977).
In accordance with the above, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against the appellant.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.
SWIFT, J., concurs in the result for reasons assigned by GUIDRY, J.

. LSA-C.C. Article 157 has been amended by Act 718 of 1979 to provide that in “changes of custody after an original award”, custody shall be granted to the husband or the wife in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent. The effective date of this act was September 7, 1979. In our view this amendment to Article 157 can be given retroactive effect, as being interpretative legislation. However, we need not reach that issue because, in our view, the best interest of the child is served by awarding custody to the father.