385 So.2d 1276 (1980)
Alton D. McGREW, Plaintiff-Appellee-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees-Appellants.
No. 7645.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*1277 Charles F. Wagner, Pineville, for plaintiff-appellant.
Stafford, Stewart & Potter, Ronald J. Fiorenza, Alexandria, for plaintiff-appellee.
McLure & McLure, John G. McLure, Alexandria, for defendants-appellants.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendants-appellees-appellants.
Provosty, Sadler & deLaunay, David P. Spence, Alexandria, for defendants-appellees.
Shelby E. Bohannon, Alexandria, for plaintiff-appellant.
Before DOMENGEAUX, FORET and CUTRER, JJ.
*1278 FORET, Judge.
This matter arises out of a three-vehicle collision which occurred on August 14, 1977, south of the intersection of Highway 71 and Claiborne Street in Pineville, Louisiana.
The following scenario is offered in order to clearly delineate the issues arising herein and apprise the reader of the posture of this case.
Robert A. Lee, operating a Chevrolet van, was traveling in a southerly direction on Highway 71 near Pineville, Louisiana. Upon approaching the intersection of Highway 71 and Claiborne Street, Lee engaged his left turn signal. T. O. Roshto was following the Lee vehicle in his Pinto station wagon. Upon observing that the Lee vehicle would, in all probability, make a left turn, Roshto moved to the right onto a length of paved shoulder, which apparently had been surfaced by the Highway Department to facilitate passing at the intersection. Lee, however, abandoned his intent to make the left turn and proceeded forward. The Lee vehicle and the Roshto vehicle subsequently collided at a point approximately two hundred feet north of the intersection where the paved shoulder merged with the travel lane. As a result of the collision, the Roshto vehicle entered into the lane of opposing traffic and collided with Alton McGrew, who was traveling in a northerly direction in a vehicle owned by his employer, Joe Gossett. McGrew and Roshto received serious injuries. Likewise, the vehicles which were driven by all parties were damaged.
As a result of the above described accident, four suits were filed.
Suit # 106,076 on the docket of the Ninth Judicial District Court, # 7645 on the docket of this Court (hereinafter McGREW), was initiated by Alton D. McGrew in an attempt to recover general and special damages. Named as defendants in that suit were T. O. Roshto and his liability insurer, State Farm Mutual Automobile Insurance Company; Allstate Insurance Company as the uninsured motorist carrier of a policy issued on McGrew's personal vehicle; Robert A. Lee and his liability insurer, Nationwide Insurance Company; and the Hartford Insurance Company as the uninsured motorist carrier for McGrew's employer, Joe Gossett. Allstate made a third party demand against T. O. Roshto and Robert Lee. Subsequently, Hartford was dismissed from the suit. Plaintiff brought a claim for penalties and attorney's fees against Allstate pursuant to LSA-R.S. 22:658 by way of supplemental and amended petition. The defendant, Lee, was never served in this suit.
Suit # 106,082 on the docket of the Ninth Judicial District Court, # 7646 on the docket of this Court, 385 So.2d 1285 (hereinafter GOSSETT), was instituted by plaintiff, Joe Gossett, d/b/a Westend Amusement Company, the employer of Alton McGrew. Gossett filed suit against T. O. Roshto and his insurer, State Farm and Robert A. Lee and his insurer, Nationwide Insurance Company, to recover for property damage to his vehicle. Again, Robert A. Lee was never served.
Great American Insurance Company instituted suit # 106,158 on the docket of the Ninth Judicial District Court, # 7647 on the docket of this Court, 385 So.2d 1285 (hereinafter GREAT AMERICAN), seeking to recover benefits paid to McGrew pursuant to a contract for workmen's compensation coverage Great American had with McGrew's employer, Joe Gossett. Made defendants were T. O. Roshto and State Farm; Robert A. Lee and Nationwide Insurance Company; Allstate Insurance Company as the uninsured motorist carrier for McGrew; and Hartford Insurance Company as uninsured motorist carrier for Joe Gossett. Both Allstate and Hartford were subsequently dismissed. Robert A. Lee was never served.
Suit # 106,290 on the docket of the Ninth Judicial District Court (hereinafter ROSHTO) was a suit T. O. Roshto brought against Robert A. Lee and Nationwide Insurance Company to recover general and special damages. Both defendants were served in this suit.
*1279 In ROSHTO, Nationwide Insurance Company filed a motion for consolidation, which was granted, and a motion for trial by jury. The motion for trial by jury was subsequently withdrawn. Then, in the same case, T. O. Roshto filed a motion for trial by jury, which was granted.
All four cases were consolidated for trial. The presentation of the evidence was bifurcated, with evidence relative to the ROSHTO case only being presented to the jury. It was stipulated that:
(1) $2,000.00 was the amount of property damage in GOSSETT;
(2) $4,810.00 was the amount of lost wages in McGREW;
(3) $11,175.26 was the amount of benefits paid by GREAT AMERICAN, which amount includes $8,705.26 in medical payments and $2,470.00 in compensation.
In ROSHTO, the jury returned a verdict finding both Roshto and Lee to be negligent. Thereafter, the suit was dismissed at plaintiff's costs. No appeal was filed by T. O. Roshto from the adverse judgment rendered against him. One-half of the expert witness fee for Dr. Weiss, which fee was $100.00, was taxed as costs in ROSHTO. The trial court found, as did the jury, in the remaining cases, that the accident was caused by the joint negligence of T. O. Roshto and Robert A. Lee. Accordingly, judgment was rendered against all defendants on the issue of liability. In addition to rendering judgment against all defendants, the trial judge rendered judgment as follows:
(1) In favor of Alton D. McGrew against State Farm Mutual Automobile Insurance Company, Nationwide Insurance Company, Allstate Insurance Company, and T. O. Roshto, jointly, severally, and in solido, in the full sum of $31,016.26, together with legal interest from the date of judicial demand until paid; with the amount of the judgment as against State Farm Mutual Automobile Insurance Company being limited to the amount of its bodily injury policy limits to one person, being $10,000.00, plus the payment of interest and costs; the amount of the judgment as against Nationwide Insurance Company being limited to the limit of its bodily injury policy limits to one person, being $15,000.00, plus payment of interest and costs; with the amount of judgment as against Allstate Insurance Company, however, being limited to the sum of $6,016.26, plus the payment of interest and costs and with the amount of judgment against T. O. Roshto being limited to the amount of $1,500.00, plus interest and costs.
(2) Judgment was rendered in favor of Great American Insurance Company and against Nationwide Insurance Company, State Farm Mutual Automobile Insurance Company, and T. O. Roshto, jointly, severally, and in solido, in the sum of $11,175.00, said judgment as against the parties was to be limited to the sum set forth in the preceding paragraph and to be paid to Great American Insurance Company by preference and priority and from the proceeds of the judgment rendered in the preceding paragraph in favor of Alton D. McGrew, together with legal interest thereon from date of judicial demand until paid, and for all costs.
(3) Judgment was rendered in favor of Allstate and against T. O. Roshto in the sum of $1,500.00, together with legal interest from the date of judicial demand until paid.
(4) Judgment was rendered in favor of Joe Gossett, d/b/a Westend Amusement Company, and against State Farm Mutual Automobile Insurance Company, Nationwide Insurance Company, and T. O. Roshto, jointly, severally, and in solido, in the full sum of $2,000.00, together with legal interest thereon from date of judicial demand until paid; the said judgment against T. O. Roshto being limited to a maximum of $1,500.00, together with costs and legal interest from date of judicial demand until paid.
*1280 (5) The expert witness fee of Dr. John T. Weiss was fixed at $100.00, to be taxed as costs.
(6) Nationwide Insurance Company and State Farm Mutual Automobile Insurance Company were cast to pay all costs of these proceedings on a joint and equal basis.
(7) The demand of Alton D. McGrew against Allstate Insurance Company for attorney's fees and penalties was denied.
(8) The claims of T. O. Roshto against Nationwide Insurance Company were dismissed at his costs.
From this judgment Nationwide and McGrew have appealed. Allstate has answered the appeal seeking a reduction in the amount of damages awarded to Alton D. McGrew by the foregoing judgment and seeking an increase in the amount it was awarded against T. O. Roshto. We note at this point that no brief has been filed by Allstate.
Nationwide alleges that the jury and trial judge committed manifest error in finding defendant, Robert A. Lee, negligent.
McGrew seeks an increase in quantum, reversal of the trial court's judgment dismissing his claim against Allstate for attorney's fees and penalties, and reversal of that part of the judgment not recognizing a privilege of first rank on the professional fees of his attorney.
The following issues are presented for our consideration:
(1) Whether or not the finding of fact by the jury and trial court is manifestly erroneous;
(2) Quantum for the injuries sustained by McGrew;
(3) Mitigation of awards against Roshto in view of his impecunious position;
(4) Rank of the privilege for attorney's fees for McGrew's attorney;
(5) Penalties and attorney's fees against Allstate.

JURY AND TRIAL COURT'S FINDING OF FACTS CONSTITUTING NEGLIGENCE
Both the jury (in ROSHTO) and the trial court (in McGREW, GOSSETT, and GREAT AMERICAN) found as a matter of fact that Robert A. Lee was negligent and his negligence was a proximate cause of the accident.
The standard for appellate review in this State requires a finding of manifest error, i. e., that the finding is clearly wrong, on the part of the trier of fact before said finding can be set aside.
Lee testified that he was traveling below the speed limit. He stated that he could not utilize his rear-view mirror because the curtains on the rear window of his van were closed at the time of the accident and just prior to the accident. He testified further that he did not give a left turn signal and did not slow down at the intersection of Claiborne Street and Highway 71. Lee stated also that he did not see the Roshto vehicle until it struck his vehicle and that he did not check his sideview mirrors, which were properly adjusted and operational, before the accident.
Roshto testified that Lee did give a left turn signal. He stated that Lee never did anything to indicate that he was not going to turn left and that the Lee vehicle was stopped when he saw it.
In view of the conflict in testimony and after a complete review of the record, we conclude that the finding of fact by the jury and trial court is not clearly wrong.

QUANTUM
The trial court awarded McGrew $17,500.00 general damages, $8,705.26 medical damages, and $4,810.00 for lost wages.
McGrew was admitted to Rapides General Hospital on August 18, 1977. He was first treated by Dr. John T. Weiss, an orthopedic surgeon. Dr. Weiss' diagnosis revealed a fractured left femur, multiple contusions of the body, and an undisplaced fracture of the left acetabulum.
*1281 McGrew spent time in traction during his five-week confinement in the hospital. Subsequently, an open reduction/internal fixation of the left femur was performed. He was then placed in a combination brace and cast for approximately ten weeks and thereafter used crutches for approximately one month. McGrew returned to work on February 13, 1978. On August 2, 1978, he was hospitalized for three days in order to have a tibial pin removed. The medical testimony shows that McGrew would suffer stiffness and soreness which would, in all probability, disappear within a year, particularly with increased exercise. Dr. Weiss testified that there was a chance of a 10% disability of the left leg due to possible arthritic changes, but discounted the likelihood of this happening.
McGrew, in brief, has cited several decisions by the appellate courts of this State in an attempt to show that the amount of quantum awarded by the trial court is excessively low.
In Reck v. Stevens, 373 So.2d 498 (La. 1979), the Supreme Court stated:
"The use of such a scale of prior awards, made for merely generically similar medical injuries, has been expressly and repeatedly disapproved by Gaspard and the succeeding jurisprudence. Such a hypothetical scale of hypothetical awards cannot be used to determine whether or not this trier of fact has abused its discretion in the award to this particular plaintiff under the facts and circumstances peculiar to this case.
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
* * * * * *
In the initial determination of excessiveness or insufficiency, an examination of prior awards has a limited functionif indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) "similar" injuries, see Coco [v. Winston Industries, Inc. et al.] at 341 So.2d [332,] 334 [(La.1977)].
However, absent an initial determination that the trial court's very great discretion in the award of general damages has been abused under the facts of this case, the reviewing court should not disturb the trier's award. Wilson v. Magee, 367 So.2d 314 (La.1979).
Under the facts and circumstances of this case, we conclude that the trier of fact did not abuse his "very great discretion" in making the award he did.

MITIGATION OF AWARD AGAINST ROSHTO
The "inability to pay" doctrine is established on the premise that courts will not grant vain and useless relief, or render a judgment which is incapable of execution. Landry v. Martin, 353 So.2d 449 (La.App. 3 Cir. 1977), writ denied, 355 So.2d 257 (La. 1978); Henton v. Southeastern Fidelity Insurance Company, 364 So.2d 1383 (La.App. 3 Cir. 1978). This rule has been recognized by our courts as early as 1886 in the case of Williams v. McManus, 38 La.Ann. 161. In the later case of Loyacano v. Jurgens, 50 La.Ann. 441, 23 So. 717 (La.1898), our Supreme Court stated that an individual's circumstances may be considered in determining damages to be awarded in a personal injury case.
The record leaves little doubt as to the impoverishment of Roshto. In this regard, the trial judge stated:
"Evidence as to Roshto's financial situation shows him to be 66 years old with a history of mental illnesses. Social Security in the amount of $327.00 per month and retirement benefits in the amount of $60.00 per month are the only sources of *1282 income for both Roshto and his wife. The couple does not own any assets. Additionally, Roshto was seriously injured in the collision with McGrew, which further reduced his ability to pay.
"The courts find that these facts warrant mitigation, Tarver v. U-Haul Company, Inc., 362 So.2d 1157 (2nd Cir., La.App. 1978), Henton v. Southeastern Fidelity Insurance Co., 364 So.2d 1383 (3rd Cir., La.App.1978), and limits Allstate's right of reimbursement to the amount of $1,500.00."
In invoking the "inability to pay" doctrine, the trial court limited judgment in favor of McGrew, Great American, Joe Gossett d/b/a Westend Amusement Company, and Allstate, against Roshto, to $1,500.00 each, although Roshto was liable in solido with State Farm Mutual Automobile Insurance Company, Nationwide Insurance Company, and Allstate Insurance Company.
LSA-C.C. Article 2324 provides:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.[1]
As the above quoted article points out, each joint tort-feasor is liable to the fullest extent for the damages the plaintiff sustains. See also LSA-C.C. Articles 2103 and 2104.[2]
In Howell v. Knight, 193 So.2d 282 (La.App. 1 Cir. 1966), the court addressed an issue similar to the one which confronts us. In that case the court stated that where co-defendants are cast in solido, the evidence must show the inability of all defendants to respond before a judgment is rendered in a lesser amount than would ordinarily be assessed against in solido defendants. Therefore, when two solidary obligors may be responsible for payment of the amount of the judgment, the inability of one solidary obligor to pay does not become relevant until the solvent co-obligor seeks contribution from the insolvent one. Daniels v. Conn et al., 382 So.2d 945 (La. 1980).
In the instant case there are several solvent defendants. Therefore, the court was in error in applying the inability to pay doctrine to the portions of the judgment rendered in favor of McGrew, Great American and Joe Gossett d/b/a Westend Amusement Company against Roshto. Only Allstate has attempted to seek indemnity from Roshto for the amounts which it paid to McGrew pursuant to its uninsured motorists coverage.
As stated in Daniels v. Conn et al., supra:
"In Brown v. New Amsterdam Casualty Company, 243 La. 271, 142 So.2d 796 (1962), this Court stated that although *1283 the injured party's cause of action against either or both of two joint tortfeasors comes into being and the obligation of each tortfeasor to the injured party commences at the time a tort is committed, the rights and obligations as between the joint tortfeasors do not then arise, because the obligation between the joint tortfeasors are not created by the commission of the tort, but rather spring from the principle of contribution."
In accordance with the above discussed jurisprudence, we find that there were solvent tort-feasors from which the plaintiff could recover who were liable in solido with Roshto. The evidence of the insolvency or impecunious status of Roshto should not therefore have been considered by the trial judge in apportioning damages as between those joint tort-feasors.
However, in the case of Allstate, we reach a different result. Allstate is attempting to exercise its right of reimbursement pursuant to LSA-R.S. 22:1406D(4). In Niemann v. Travelers Insurance Company, 368 So.2d 1003 (La.1979), the Supreme Court stated:
"On the basis alone of statutory interpretation, we find that the UM insurer has no right under R.S. 22:1406D(4) other than the right to reimbursement from such proceeds, if any, that the insured in fact recovers from the underinsured tortfeasor."
Roshto argues that the judgment against him in favor of Allstate for $1,500.00 is not in recognition of Allstate's "right to reimbursement", but was on the basis of the trial court's conclusion that Allstate had a right of subrogation against him. We agree. Judgment was rendered against Roshto in favor of McGrew. Due to Roshto's being underinsured, Allstate had to respond pursuant to the uninsured motorist's provision of its policy with McGrew. Under the holding of Niemann, Allstate cannot recover from Roshto the sum which it paid to McGrew, but must instead seek indemnification from McGrew if and when he recovers from Roshto. Allstate cannot assert against Roshto a claim based on contribution, ergo, Roshto's inability to pay is of no moment.

RANKING OF ATTORNEY'S FEES
Great American Insurance Company has filed in this Court peremptory exceptions of no cause of action and no right of action.[3]
Great American excepts to plaintiff's raising on appeal the issue of whether or not his attorney is entitled to a privilege of first rank on the proceeds of the judgment obtained in the proceedings in the trial court. The ground for this exception is that no allegations of fact contained in any of the pleadings filed in the record in this case state a cause of action relative to attorney's fees. Paragraph 3 of LSA-C.C.P. Article 931 states:
"No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action."
The peremptory exception of "no cause of action" questions whether the law affords a remedy under the allegations made in plaintiff's petition. Arnold v. Arnold, 376 So.2d 528 (La.App. 3 Cir. 1979); Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1 Cir. 1977). After a review of the pleadings filed by plaintiff herein, we conclude that the exception of no cause of action should be sustained. Nowhere in the record do we find any allegations as to the attorney's fees due to counsel for McGrew. In so ruling, we need not pass on the merits of the exception of no right of action urged by Great American and same is dismissed.

*1284 PENALTIES AND ATTORNEY'S FEES
LSA-R.S. 22:658 provides for penalties and attorney's fees if an insurer fails to pay a claim within the delays set out therein if such failure to pay was arbitrary, capricious, or without probable cause. This statute is not applied when the insurer has a reasonable basis to defend the claim. Soniat v. State Farm Mutual Automobile Insurance Company, 340 So.2d 1097 (La.App. 4 Cir. 1976).
McGrew argues that due to the extent of his injuries, Allstate was arbitrary and capricious in refusing to pay under the UM provisions of the policy issued to him. Allstate counters by arguing it is only an excess insurer and that McGrew's injuries did not merit an award greater than that available through State Farm and Nationwide. The trial court disallowed penalties and attorney's fees, stating:
"Where, as here, there is a serious question of quantum and two other parties as primary insurers, it is not unreasonable for the UM carrier to withhold payment."
Having reviewed all of the evidence, we do not think that this is an abuse of his discretion. See Manuel v. American Indemnity Company, 368 So.2d 1200 (La.App. 3 Cir. 1979).
For the above and foregoing reasons, the judgment of the trial court is reversed in part, amended, and as amended, affirmed.
Judgment is recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Alton D. McGrew and against State Farm Mutual Automobile Insurance Company, Nationwide Insurance Company, Allstate Insurance Company, and T. O. Roshto, jointly, severally, and in solido, in the full sum of $31,016.26, together with legal interest thereon from date of judicial demand until paid; with the amount of the judgment as against State Farm Mutual Automobile Insurance Company, however, being limited to the limit of its bodily injury insurance policy limits to one person, being $10,000.00, plus the payment of interest and costs; the amount of judgment as against Nationwide Insurance Company, however, being limited to the limit of its bodily injury policy limits to one person being $15,000.00, plus the payment of interest and costs; with the amount of the judgment as against Allstate Insurance Company, however, being limited to the sum of $6,016.26, plus the payment of interest and costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Great American Insurance Company and against Nationwide Insurance Company, State Farm Mutual Automobile Insurance Company, and T. O. Roshto, jointly, severally, and in solido, in the full sum of $11,175.00, said judgment as against the parties to be limited to the sums set forth in the preceding paragraph and to be paid to Great American Insurance Company by preference and priority, and from the proceeds of the judgment rendered in the preceding paragraph in favor of Alton D. McGrew, together with legal interest thereon from date of judicial demand until paid and all costs of these proceedings;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment herein in favor of Allstate Insurance Company and against T. O. Roshto in the full sum of $1,500.00, together with legal interest thereon from the date of judicial demand until paid is reversed, vacated, and set aside.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Joe Gossett, d/b/a Westend Amusement Company, and against State Farm Mutual Automobile Insurance Company, Nationwide Insurance Company, and T. O. Roshto, jointly, severally, and in solido, in the full sum of $2,000.00, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the expert witness fee of Dr. John T. Weiss is hereby fixed at the sum of $100.00, to be taxed as costs;
*1285 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the demand of Alton D. McGrew against Allstate Insurance Company for penalties and attorney's fees is hereby denied.
In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Nationwide Insurance Company, State Farm Mutual Automobile Insurance Company, and Allstate Insurance Company on a joint and equal basis.
AFFIRMED IN PART, REVERSED IN PART, AMENDED AND RENDERED.
NOTES
[1] This article has been amended by Act 431 of 1979 to provide for the apportionment of damages among in solido tortfeasors according to degrees of negligence, pursuant to the establishment of comparative negligence in Louisiana. This amendment, however, does not apply to claims arising from occurrences prior to August 1, 1980.
[2] "Art. 2103. When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff." As amended by Acts, 1960, No. 30, § 1, (effective Jan. 1, 1961)."
Article 2103, like Article 2324, has been changed by Act 431 of 1979, to reflect the implementation of a comparative negligence system in Louisiana. This change in the law does not affect claims arising from events occurring prior to the Acts' effective date, as provided by section 4 of the Act.
"Art. 2104. If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.
If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment."
[3] LSA-C.C.P. Article 2163 allows an appellate court to consider a peremptory exception filed for the first time in that court, if pleaded before the case is submitted for a decision, and if proof of the grounds of the exception appears of record. We note that counsel for Great American has clearly delineated and treated separately the exceptions pleaded. We think counsel should be lauded for his preciseness in so doing and in applying the rules applicable to each.