## DANOVE v. MAHONEY et al.*
### No. 16694.

Court of Appeal of Louisiana. Orleans.
Oct. 18, 1937.

Harry R. Cabral and Walter C. Bougere, Jr., both of New Orleans, for appellant.

Benjamin Y. Wolf, of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff, an occupant of the premises No. 3501 St. Claude avenue, in the city of New Orleans (which is rented by the defendant owners to plaintiff's husband), brought this suit for the recovery of damages resulting from injuries sustained by her when she fell from the front porch of the leased property.

She alleges that, on April 30, 1935, at about 6:30 p. m., she was walking on the front porch of the house, preparing to descend the front steps, and that, while in the act of stepping upon the extreme end, the edge thereof and the sill supporting it gave way, causing her to be thrown down the steps into the front yard. As a result of her fall, plaintiff received severe injuries which she details in her petition and for which she seeks judgment in the sum of $15,310, claiming that the accident was caused by the defendants' neglect to repair the premises.

The defendants appeared and filed exceptions of vagueness which were maintained and, in accordance with the orders of court, plaintiff amended her petition. Defendants, thereupon, filed an exception of no cause of action to the petition which was overruled by the court. Thereafter,

*Rehearing denied Nov. 15, 1937.

the defendants answered admitting the ownership of the property but denying that plaintiff was injured or that any damage caused to her was occasioned through their fault or neglect. They also set forth alternatively that, should the court find that the plaintiff was injured through their negligence, then recovery should not be allowed because she was guilty of contributory negligence inasmuch as she alleged in her petition that she knew the condition of the premises and had notified their agent that the property was in need of repair.

The case was tried on these issues and the district judge, after hearing the evidence, dismissed the plaintiff's suit. Wherefore this appeal.

The defendants contend in this court that the exception of no cause of action, filed to the petition and overruled by the district court, should be sustained on the ground that plaintiff has stated conclusively that the accident occurred through her own contributory negligence. The case of Arbo v. Schulze et al., 173 So. 560, recently decided by this court, is pointed to as authority for the proposition that, where a petition alleges a state of facts clearly indicating that plaintiff was guilty of contributory negligence, an exception of no cause of action leveled against it will be maintained. Counsel for defendants points to article 7 of the petition which, it is claimed, alleges facts clearly demonstrating plaintiff's contributory negligence. That article reads as follows: "That defendants knew that this porch and sill were in a decayed and rotten condition, as petitioner, personally, and through other persons, had notified defendants, through their agent, of this rotten condition."

■ As counsel for defendant has pointed out, there are certain instances where a plaintiff may allege such contributory negligence in the petition so as to make it apparent that it would be a waste of time to try the case on the merits. But, in the case at bar, we do not think the allegation above quoted comes under that category unless we are to assume that the plaintiff vountarily attempted to injure herself, notwithstanding knowledge of the fact that the porch was decayed. The identical question presented in this case was decided adversely to defendants' contention by the Supreme Court in the case of Boutte v. New Orleans Terminal Co.,

139 La. 945, 72 So. 513, 516. There, the Supreme Court said: "To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide. All that could be assumed in that respect would be. that she knew or ought to have known that the balcony was unsafe."

■ Applying the foregoing language to the allegations contained in the petition now under attack, it will be readily seen that the most that could be assumed from the plaintiff's averment is that, while she knew that the porch and sill were in a decayed and rotten condition, she did not know that it was so rotten as to be unable to withstand her weight. The district judge was therefore correct in overruling the exception of no cause of action.

■ Coming next to the merits of the case, we find the facts to be as follows:

The plaintiff and her husband have resided in the premises 3501 St. Claude avenue for seven or eight years prior to the accident. These premises had been in a dilapidated condition for a long time. This fact is evidenced by pictures taken of the front porch shortly after the accident occurred, exhibiting that the left side of the front stairway leading into the yard was badly decayed. Plaintiff testified that she and her family knew of the bad condition of the premises and that her daughter had notified defendants' real estate agent on many occasions and had requested the defendants to repair the property. She further says that, while the left side of the front porch and stairway was unsafe to walk on, the right side thereof was apparently all right and that, in order to go into or out of the house, persons using the stairway and porch would walk over that part. On the evening of the accident, the plaintiff and her daughter were leaving the house to go to church, and just as the plaintiff attempted to step off the porch onto the stairway on the right end (or apparently safe side) a portion of the porch and sill on which she was standing collapsed and caused her to be thrown forward to the ground.

Plaintiff's testimony as to the condition of the premises and the cause of her fall is fully corroborated by her daughter. Her statement as to the obvious need of repair to these premises is likewise supported by the pictures taken of the front porch and steps shortly after the accident as

well as by the admissions of the defendants' witness Bernard J. Kruse.

In view of the foregoing, it is plain that the defendants are liable to the plaintiff by virtue of the provisions of articles 670, 2315, and 2322 of the Civil Code unless the plaintiff was guilty of contributory negligence. If the testimony of plaintiff and her daughter is to be believed, plaintiff was not guilty of contributory negligence in walking on the right side of the front porch and stairway, as they state that that side was apparently safe for use.

Counsel for defendants tells us that plaintiff's testimony should not be believed because she attempted to contradict the sworn allegations of her petition, i. e., that she had notified the defendants of the defective condition of the property, and that she even denied her signature to the petition. However, we have scrutinized plaintiff's statement on the witness stand and are convinced that she did not knowingly testify falsely. It is true that she at first denied her signature to the petition but we feel that she was somewhat confused when the question was propounded to her, for she later stated that she signed the affidavit under the belief that it would entitle her to prosecute her suit in forma pauperis. The fact that plaintiff did not personally notify the defendants' agent of the dilapidated condition of the premises, although she states in her petition that such was the case, is insufficient to discredit her testimony, as we are convinced that the word "personally" as used in the petition was inserted through the error or inadvertence of her counsel.

Counsel for defendants calls our attention to the well-known rule that the appellate court will not disturb the finding of a district judge, on questions of fact, unless manifestly erroneous. But this principle may not be invoked here because we are convinced that the district judge was obviously wrong in his appreciation of the facts disclosed by the transcript.

Being of the opinion that the defendants are liable, we next consider the quantum of damages to be awarded the plaintiff. The injuries, as testified to by Dr. Warner, her physician, consist of contusions and lacerations of the left knee, with swelling and ecchimosis of the tissues around the joint. There was a fairly large denuded area about the size of a half dollar over the upper part of plaintiff's kneecap, the muscles of her back and her left rectus demonstrating a traumatic myositis. Plaintiff was in bed for two months following the accident and was confined to the house for five months thereafter. She was treated by her physician for her injuries until January 7, 1936. Dr. Warner states that she endured great pain and required opiates to alleviate her suffering for several weeks after the injury. He further say that because of her age (65 years) it is his opinion that the plaintiff will have a partial ankylosis of the kneecap which will be permanent. Dr. Warner's testimony is corroborated by Dr. Nick Tessitore with respect to plaintiff's partial permanent disability.

In view of the medical evidence and the length of plaintiff's confinement, she would ordinarily be entitled to a large award in damages. However, the defendants have introduced evidence of their poverty and have shown that the property owned by them has been sold for taxes for the past three or four years. It is well recognized that the ability of the defendant to respond in damages will be taken into consideration in determining the amount of the judgment. See Perez-Sandi v. Berges, 12 La.App. 191, 125 So. 185; Gallman v. Young, 6 La.App. 137, 138; Loyacano v. Jurgens, 50 La.Ann. 441, 23 So. 717, and Daly v. Kiel, 106 La. 170, 30 S.E. 254. Notwithstanding the foregoing doctrine and assuming that, because defendants have allowed their properties to be sold for taxes in the past, their ability to respond in damages is meager, we feel that the plaintiff is entitled to an award of $1,000, as this amount is but small compensation for her disability and the pain and suffering which she has endured, and will, in all probability, be subjected to in the future.

Plaintiff also seeks to recover for her doctor bills and nursing expenses. However, under the well-settled jurisprudence, these are community debts and her husband alone is authorized to maintain an action for their restitution. See Shield v. F. Johnson & Son Co., Ltd., et al., 132 La. 773, 776, 61 So. 787, 47 L.R.A.(N.S.) 1080.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Mrs.

Paul C. Danove, and against the defendants, John J. Mahoney, Jr., Edwin I. Mahoney, Mrs. Elizabeth Bridget Mahoney, wife of Constance Economides, Miss Mary Amanda Mahoney, and Mrs. Elenore Mahoney, wife of Jules Jungblut, in solido, for the full sum of $1,000, with legal interest from judicial demand until paid and for all costs of court.

Reversed.