## BOYD v. DORVIN.*
### No. 16758.

Court of Appeal of Louisiana. Orleans.

Nov. 29, 1937.

J. Rosenberg, of New Orleans, for appellant.

Johnston Armstrong, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, a colored woman named Carrie Boyd, claims that, on July 29, 1935, while she was a tenant in the premises, No. 2045 Jackson avenue in the city of New Orleans, she was struck and injured by certain plaster which fell from the ceiling of the dwelling.

The premises are owned by an interdict named Jacob Weinstein and his duly appointed curatrix, Mrs. Laura W. Dorvin, is made the defendant in this suit. She contests plaintiff's claim on the theory that the plaster did not fall from the ceiling and that, if it did fall, the plaintiff was not injured thereby.

*Rehearing denied Dec. 13, 1937.

On this sole issue of fact, a trial was had and the judge a qua, after hearing the witnesses, granted judgment in favor of plaintiff for the sum of $130. The defendant has appealed.

Plaintiff's statement of the accident is as follows: On July 29, 1935, between 4 and 5 o'clock p. m., a friend of plaintiff named Priscilla Saucier was visiting plaintiff at the premises 2045 Jackson avenue. Priscilla requested the plaintiff to fetch her a drink of water. Plaintiff repaired to the kitchen in order to obtain the water from the ice box and, while in a stooping position, a large quantity of plaster fell from the ceiling and struck her on her head and back, rendering her unconscious. Priscilla Saucier did not see the plaster fall but came to plaintiff's assistance immediately after the accident and she corroborates the plaintiff's testimony with respect to all other details.

The defendant's evidence consists of testimony given by Mrs. Dorvin and Mrs. Weinstein. These witnesses' statement is merely negative and is to the effect that they did not see any fallen plaster in the premises sometime after the accident. They also assert that plaintiff was not in bed, when they called to see her in August, 1935, although plaintiff testified that she was thus confined during that period.

Counsel for defendant attacks the genuineness of plaintiff's story and he has pointed to certain discrepancies appearing therein, from which he would have us draw the conclusion that the claim is fictitious. But careful scrutiny of the evidence submitted by plaintiff convinces us that the plaster fell from the ceiling of the leased premises upon the plaintiff and that she suffered contusions and bruises to her body as a result thereof.

Being of the opinion that the defendant is liable, we next consider quantum of damage. The plaintiff asserts, by answer to the appeal, that the award below is inadequate. The trial judge granted her the sum of $100 for her pain and suffering and $30 for medical expenses. The evidence shows that her injuries are not serious and consist, for the most part, of contusions and bruises on her head and back. Her doctor also testified that she suffered an injury to her ear. It has been generally held that a recovery of $250 to $300 will be permitted in cases such as this. However; the defendant here has submitted

proof exhibiting the poverty of the interdict. She has shown that Weinstein owns only this small parcel of rental real estate; that the income from the premises has been insufficient to pay the taxes accruing thereon for the past three years and that he is without funds for food and clothing. The trial judge, in awarding the plaintiff $130 undoubtedly gave thought to this fact in his deliberations. In this, he was correct, for it is well recognized that the ability of a defendant to respond in damages will be taken into consideration in allowing the amount of judgment. See Danove v. Mahoney et al., 176 So. 404, recently decided by this court. We believe that the allowance is fair, in view of the interdict's meager financial circumstances.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.