181 So.2d 69 (1965)
Roy URK et al., Plaintiff-Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al., Defendant-Appellee.
No. 10470.
Court of Appeal of Louisiana, Second Circuit.
November 15, 1965.
Rehearing Denied December 21, 1965.
Writ Refused February 23, 1966.
Thomas & Loridans, Bossier City, for plaintiff-appellant.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, Watson, Williams & Brittain, Natchitoches, for defendant-appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
GLADNEY, Judge.
This suit was instituted by Roy Urk appearing in his own behalf and as administrator of the estates of his three minor children, Edith Sue Urk, David Urk and Raymond Urk, aged from nine to twelve years, for the recovery of damages resulting from the death of Dorothy Russell Urk, the wife of Roy Urk and mother of the minor children. Mrs. Urk was killed in an automobile accident on April 9, 1964 at approximately 2:10 A.M. while driving a 1953 Plymouth sedan on East Texas Street in Bossier City, Louisiana when a truck driven by Samuel D. Sewell, Jr. collided headon with the automobile.
After the institution of this suit, Samuel D. Sewell, Jr. and his liability insurer, the Southern Farm Bureau Casualty Insurance Company, deposited into the registry of the court the sum of $10,000.00, of which amount Sewell contributed $5,000.00 and his liability insurer a like sum, the limit of its liability under its policy. The insurer was relieved and discharged from all further liability. Sewell requested permission of the court to furnish evidence as to his financial inability to respond for payment of any greater sum. With such deposit the liability of Sewell was admitted and the case heard by the trial court on two issues: first as to proof of Sewell's financial condition *70 and the amount of judgment which should be rendered against him, and second, as to whether or not the accident resulted solely from the willful, wanton and gross negligent conduct of the defendant, Sewell. From a judgment awarding plaintiff $10,000.00 only, the amount deposited into the registry of the court, and holding Sewell's negligence not to be willful, wanton or gross, plaintiff has appealed.
Mrs. Dorothy Urk was 31 years old at the time of her death. She had been regularly employed at the Southern Bell Telephone Company with earnings approximately $300.00 per month which was a substantial portion of the family income. Plaintiff sought damages in the sum of $152,000.00; $105,000.00 for the estates of his minor children and $47,000.00 for himself, these items including loss of support and earnings, affection, companionship and society.
Counsel for plaintiff-appellant, although conceding Louisiana jurisprudence recognizes that the financial condition for the tort feasor may be considered as justifying a reduction of the allowance for damages, argues earnestly that in limiting the recovery of petitioner to $10,000.00, too great a reduction has been imposed because of defendant's financial condition. The trial judge properly observed, we think, that an award of between ten and twenty thousand dollars to the husband alone for the death of his wife, and an award of from five thousand to seventy-five hundred dollars to each of the three minor children for the death of their mother would be in line with recent jurisprudence in this state assessing such damages. The court, however, in fixing its award gave application to the jurisprudential rule prevalent in this state that the ability of the defendant to respond in damages will be taken into consideration in determining the amount of the judgment, and, after examining the evidence as to Sewell's financial condition, commented:
"Recognizing this existing principle of our law, counsel for defendant herein has put this matter squarely before this Court with uncontradicted testimony which revealed that defendant Samuel D. Sewell, Jr., a dairy farmer from Natchitoches Parish, Louisiana, married and the father of five children, ages six months to twelve years, had assets valued at $41,501.00 and liabilities of $48,746.73 as of shortly before the date of trial.
"In addition it was shown that his total taxable income for the year 1963, before exemptions, amounted to $2,954.64 and that his taxable income had been substantially the same, that is, between $2,000.00 and $3,000.00 for the past three or four years and he estimated would be no more for the year 1964, although his return for 1964 had not been prepared. Other evidence was introduced to show that Mr. Sewell could not anticipate paying his debts by liquidating his assets in any short period of time."
It has always been the theory of our government and a cardinal principle of our jurisprudence that the rich and poor stand alike in courts of justice and that neither the wealth of one nor the poverty of the other shall be permitted to affect the administration of justice. The legal principle generally followed by the courts of other states is that one who sustains damages by reason of the tortious act of another is entitled to a verdict for the amount of damages which he is able to prove, regardless of the ability of the defendant to pay, and accordingly, evidence of a defendant's pecuniary resources is inadmissible where compensatory damages only are recoverable. 22 Am.Jur.2d Damages §§ 319 and 320. The courts of Louisiana, however, have uniformly held that the ability of the defendant to respond in damages will be taken into consideration in determining the amount of the judgment.
Thiel v. Shiff, 7 La.App. 582 (Orl.1928); Perez-Sandi v. Berges, 12 La.App. 191, 125 So. 185 (Orl.1929);

*71 Boyd v. Dorvin, La.App., 177 So. 76 (Orl.1937); Danove v. Mahoney, La. App., 176 So. 404 (Orl.1937);
Cole v. Sherrill, La.App., 7 So.2d 205 (2nd Cir. 1942, Cert. denied);
Smith v. Freeman, La.App., 31 So.2d 524 (2nd Cir. 1947);
Landry v. News-Star-World Publishing Corp., La.App., 46 So.2d 140 (2nd Cir. 1950);
Keith v. Royal Indemnity Co., La.App., 90 So.2d 534 (2nd Cir. 1956);
Ryan v. All State Ins. Co. of Chicago, Ill., La.App., 86 So.2d 126 (Orl.1956); 232 La. 831, 95 So.2d 328 (1957);
Lacaze v. Horton, La.App., 100 So.2d 252 (2nd Cir. 1958);
Leon v. Jackson, La.App., 122 So.2d 102 (2nd Cir. 1960);
Theriot v. Gianelloni, La.App., 121 So. 2d 275 (1st Cir. 1960);
De Shazo v. Cantrelle, La.App., 165 So. 2d 893 (4th Cir. 1964); writ refused, 167 So.2d 674;
Davis v. McKey, La.App., 167 So.2d 416 (4th Cir. 1964) writ refused, 246 La. 910, 168 So.2d 822.
In Cole v. Sherrill, supra, a decision by this court, the rationale of the Louisiana rule is set forth:
"The lower court has correctly related in its opinion the injuries suffered by plaintiff and stated that it had taken into consideration all of the factors in assessing damages. It is to be presumed that the lower court took into account the worth of the defendant, his ability to earn money, etc., as well as the fact that he was not covered by insurance to protect himself. These are all legal factors to be considered in assessing damages. It has never been considered good policy to bankrupt one to pay another even though the award granted is not in line with other cases involving the same injuries and might not fully compensate the plaintiff for the injuries he received. Fair justice between both parties must be arrived at. We feel sure the lower court has done that." [7 So.2d 205, 211]
In Lacaze v. Horton, supra, this court after approving the remarks by Judge Taliaferro in Smith v. Freeman, La.App., 31 So.2d 524 (2nd Cir. 1947) that:
"`Ability to pay, or the lack of it, is a proper matter to be considered in determining an award in a damage suit. But application of the principle should not be carried to extremes.' (Emphasis supplied)"
observed:
"After consideration of all the facts bearing upon the opposed contentions of the parties litigant, we are impelled to the conclusion that the judgment in the instant case is an extreme and unwarranted application of the principle that, in fixing the quantum of damages allowed, consideration should be given to the ability of a defendant to pay. It must be borne in mind that this principle is not intended to completely relieve a defendant of liability for reparation of damages inflicted by his own negligence, nor should it be considered as justifying the reduction of the allowance of damages to a bare minimum. Either of these alternatives, in our opinion, would be an extreme application of the principle and would result in effecting a gross injustice toward a plaintiff, under the guise of the application of a humane consideration for the plight of an impecunious defendant." [100 So.2d 252, 255]
We have most carefully considered the application of these legal principles in relation to the financial condition of the defendant, Samuel D. Sewell, Jr. The ruling of the trial court in fixing the amount of damages is fully justified and does not *72 reflect an abuse of the discretion vested in the court in such matters.
Nash v. Longville Lumber Co., 148 La. 943, 88 So. 226 (1921);
Franklin v. Arkansas Fuel Oil Company, 218 La. 987, 51 So.2d 600 (1951);
Harness v. Toye Bros. Yellow Cab Company, La.App., 170 So.2d 737 (4th Cir. 1965).
The trial court did not abuse its discretion in limiting a total award of damages to the sum of $10,000.00.
Forasmuch as our decision affirms the decision of the trial court as to quantum, the remaining question presented to this court, namely, whether or not the negligence of Sewell was willful, wanton and gross, has become moot and we deem it unnecessary to decide this issue.
For the reasons hereinabove set forth, the judgment is affirmed. It is our opinion that costs be assessed against defendant-appellee.