286 So.2d 731 (1973)
Thelma BECNEL, wife of/and Morris Becnel
v.
Robert L. WARD et al.
No. 5865.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
Rehearing Denied January 8, 1974.
Writ Refused March 8, 1974.
*732 Thomas J. Kliebert, Becnel & Kliebert, Gramercy, for plaintiff-appellee.
C. Gordon Johnson, Jr., Geoffrey H. Longnecker, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA and SCHOTT, JJ.
REDMANN, Judge.
From a $520,000 personal injury judgment the individual defendants appeal on liability and quantum and plaintiffs by answer to appeal seek increase in quantum. (Defendant insurer has satisfied the judgment against itself by paying its $10,000 bodily injury limit plus property damage.)
Liability is clear. Defendant wife's car rear-ended plaintiff wife's car in daylight on an open two-lane highway, while plaintiff wife was stopped waiting to make a left turn with her turn indicator blinking. Defendant wife's testimony of being distracted by a car ahead of her (which pulled off the road and parked at a point prior to the collision) may explain her not having stopped but does not exculpate her.
Defendant husband argues that he is not liable on a simple showing the wife's mission was to pick up their ten-year-old son from basketball practice. But the father has the final authority over his minor child, C.C. art. 216, and generally with the mother has the obligation of supporting and educating the child according to their situation in life, art. 224(2). The wife's mission was plainly in discharge of an obligation at least shared in by the husband and was undertaken with the plainly implied authorization of the husband. He is liable for her negligence.
Causation is also established by medical evidence as more probable than not. To the layman the chain of medical events seems incredible. Yet the experts were unanimous that a slight trauma to the pancreas could cause the excruciating journey through pseudo-cyst, diabetes, intestinal block, heart ailment, pneumonitis and stroke to the ultimate devastation of plaintiff wife's now surgery-ravaged, nigh-immobile, bladder-catheterized and colostomied body and severely brain-damaged, parrot-like mind. The opinion was nearly unanimous that in this case all problems were the foreseeable result of some trauma to the pancreas.
One of defendants' principal arguments is that the trial court erred in admitting into evidence the first treating physician's statement that plaintiff wife, on her first visit, two days after the accident, included among her chief complaints (as he translated it) "epigastric soreness". We note that his testimony goes beyond her mere verbal statement, since he makes a finding of "epigastric area sore to palpation". Yet, since reaction to palpation is *733 often purely subjective, and the doctor here did not testify of objective symptoms, we may deem our situation basically one of hearsay, though clearly within the recognized exception of spontaneous declaration. See McCormick, Evidence (2d ed.), § 292; Wigmore, Evidence (3d ed.), § 1745 et seq. Plaintiff wife's declaration (and reaction to palpation) is especially unsuspect here, because at the time she could not possibly have foreseen the catastrophic implications of her soreness: even the attending physician thought it at first insignificant.
The testimony was admissible to prove the fact of the soreness. The inference that the soreness resulted from the accident two days earlier is the only reasonable inference on the other evidence in the record. The final conclusion that the accident caused plaintiff wife's dreadful present condition is amply established.
Quantum included $375,000 general damages and almost $145,000 of specials.
Defendants argue that failure to use a seat belt was a cause of the severity of injury though not of the accident. However, it is not shown that plaintiff wife was not using her seat belt, nor that its use would have reduced her injury. We therefore need not determine whether nonuse, if a cause of aggravation of injury, is contributory negligence as to the aggravation. The burden of proof is obviously defendants', as in any case of alleged contributory negligence.
Defendants urge their relative lack of means as a principal reason for reducing quantum. They have very little other than the husband's $900 monthly salary.
For all that appears, the trial court may have already reduced quantum because of defendants' inability to pay. Further, the special damages may not be reduced since they are not a matter of the trial court's discretion like general damages are. Thus in any case the quantum must remain far beyond defendants' ability to pay: interest (hereinafter reduced from 7% to 5%) on the special damages alone almost equals defendant husband's entire earnings. Defendants could not be saved from bankruptcy even if no general damages were awarded.
Accordingly this case is not the occasion for a critical analysis of the jurisprudence holding a plaintiff's general damages must be measured by the defendant's ability to pay.[1] In Tabb v. Norred, La.App.1973, 277 So.2d 223, writ refused, La., 279 So.2d 694, a $300,000 award to a paraplegic was left unreduced despite defendants' inability to respond.
Similarly, we need not examine in detail plaintiffs' claim that damages were inadequate. Though it is not a frivolous claim, the evidence is that defendants can never pay even the interest on the present amount of the judgment. Moreover, our inclination is to consider $375,000 general damages clearly within the range of the trial judge's "much discretion", C.C. art. 1934(3), for even the incredible terror of plaintiff wife's injuries.
This suit was filed October 22, 1969, at which time C.C. art. 2924 provided 5% legal interest. The subsequent increase to 7% by Acts 1970, No. 315, is not applicable; Hebert v. Travelers Ins. Co., La.App. 1971, 245 So.2d 563, writ refused, 258 La. 903, 248 So.2d 332.
The judgment is amended to provide legal interest at 5% rather than 7% and is otherwise affirmed.
Amended and affirmed.
NOTES
[1] See, e. g., Ryan v. Allstate Ins. Co. of Chicago, 1957, 232 La. 831, 95 So.2d 328. Several cases by our courts of appeal are listed in Urk v. Southern Farm Bureau Cas. Ins. Co., La.App.1965, 181 So.2d 69, writ refused 248 La. 909, 182 So.2d 661.

For a brief criticism see Note, 19 Tulane L. Rev. 626 (1945).