DOUCET, Judge.
Effie T. Comeaux brought this tort suit to recover damages for personal injuries, which she sustained as a result of a collision between an automobile and a Greyhound passenger bus in which she was riding. Defendants are Archard P. Morris, Jr., the driver of the automobile, Steven W. Leedy, the driver of the bus, Greyhound Lines, Inc., and Greyhound’s liability insurer, General Fire & Casualty Company. After a trial on the merits, the district court rendered judgment in favor of plaintiff and against Archard P. Morris, Jr. in the sum of $10,000.00. ' The claims against the other defendants were dismissed. Plaintiff appeals.
The accident giving rise to this suit occurred on June 22, 1974 at about 8:00 or 8:30 P.M. A Greyhound bus on which plaintiff was a fare-paying passenger collided with an automobile driven by Archard P. Morris, Jr. The bus, which was driven by Steven W. Leedy, a Greyhound employee, was traveling in an easterly direction on Louisiana Highway 182, a two-lane highway, between Lafayette and New.Iberia, Louisiana. Morris was traveling in the opposite direction on Highway 182.
Moments before the accident took place, the bus driver noticed the Morris vehicle rounding a curve on the wrong side of the road. He flashed his bright lights to gain Morris’ attention and removed his foot from the accelerator. Morris immediately returned to the proper side of the road but shortly thereafter began driving on the shoulder. Because of Morris’ erratic driving, the bus driver began applying his brakes and pulling off onto the opposite shoulder. When thé bus was about three-quarters of the way off of the road, Morris abruptly made a left turn, crashing into the bus near its left front wheel.
Morris, who later plead guilty to a charge of driving while intoxicated, testified that he veered into the wrong lane because he was attempting to remove a lighted' cigarette that had accidently fallen between his chest and an orthopedic brace that he was wearing due to a previous back injury. He claimed that when the bus driver flashed his bright lights, he was blinded and as a result lost control of his automobile. However, the Louisiana State Police Officer who investigated the accident, Trooper Percy Hebert, testified that when he questioned Morris after the accident, Morris told him that he had intended to turn left onto Louisiana Highway 674, which intersects with Highway 182 approximately four-tenths of a mile west of the point of impact.
The trial court concluded that the accident was solely the result of Morris’ negligence, and rejected plaintiff’s contention that the bus driver was also negligent. In rendering judgment against Morris, the court took into account the evidence of his poor economic situation, and found that the amount that plaintiff was entitled to exceeded the amount that he would be able to pay. The judgment was, therefore, limited to the sum of $10,000.00.
The issues raised by plaintiff on appeal are:. (1) Did the trial court err in finding that the Greyhound bus driver, Steven W. Leedy, was not negligent? (2) Did the trial court err in limiting the amount of the judgment against Morris to $10,000.00?
Since plaintiff was injured while she was a fare-paying passenger on a public conveyance, Greyhound had the burden of proving that it was without the slightest degree of negligence. Davis v. Owen, 368 So.2d 1052 (La.1979). In Davis, the court quoted with approval the following language from its opinion in the earlier case of *912 Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963), concerning the duty imposed on public carriers:
“ ‘The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case.
* * ‡ £ $ ‡
A public carrier of passengers while not an insurer is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the . slightest negligence.
******
The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted to prevent injury to passengers, the carrier being held liable for the slightest negligence with reference to the exercise of such care.’ (citations omitted)’’
Plaintiff contends that the trial court erred in finding that Greyhound had fulfilled its duty to her. She argues that the bus driver had sufficient time after he first saw the Morris vehicle to bring the bus to a stop and thereby avoid the accident. She further argues that the driver was negligent in failing to do so. Plaintiff relies heavily on the bus driver’s testimony that he saw the automobile when it was Vs to 1 mile from the point of impact.
It is clear from a reading of the bus driver’s testimony that his estimate of the initial distance between the vehicles was an approximate figure. Based on the evidence of the point of impact and the speeds at which the two vehicles were traveling, the trial court concluded that the distance was actually not more than 1,000 to 1,500 feet. Plaintiff argues that that finding is manifestly erroneous, however, after carefully examining all of the evidence, we cannot agree that the trial court was clearly wrong.
 In view of the trial court’s finding of the proximity between the bus and the automobile when it first came into the bus driver’s view, which finding we are not at liberty to disturb, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), we agree with the trial court that the precautions taken by the bus driver, when confronted with Morris’ negligent driving, were commensurate with the duty owed to plaintiff. We therefore, agree that Greyhound successfully bore its burden of exculpating itself from liability for plaintiff’s injuries.
Turning to the second issue, we find extensive evidence in the record concerning Morris’ financial situation. He did not have liability insurance. He and his wife have a combined monthly income of $1,113.24, net. They also own some property, including land worth approximately $6,000.00, however, their fixed obligations far outweigh their assets, and their monthly living expenses equal or exceed their income. The record also reveals that Morris had received a substantial settlement for a back injury that he sustained while working on an offshore oil rig. However, Vs of the amount of the settlement was paid to his attorney under a contingent fee contract. He lived off of the other Vs for several years, while he recuperated from his injury and went to school to learn a new trade, and used the remainder to settle other claims arising out of the accident giving rise to this suit.
The financial ability of a defendant to pay is a proper factor for consideration in assessing an award for damages. Henton v. Southeastern Fidelity Insurance Company, 364 So.2d 1383 (La.App. 3rd Cir. 1978); Marines v, Hinrichs, 357 So.2d 1358 (La.App. 4th Cir. 1978), writ denied, 359 So.2d 1306 (La.1978); Williams v. Garner, 268 So.2d 56 (La.App. 1st Cir. 1972); Urk v. Southern Farm Bureau Casualty Insurance Company, 181 So.2d 69 (La.App. 2nd Cir. 1965) and the authorities cited therein.
After reviewing all of the evidence relevant to plaintiff’s injuries and Morris’ financial condition, we cannot say that the trial court abused its discretion in limiting the award to $10,000.00.
*913 For these reasons, the judgment appealed by plaintiff is affirmed. All costs of this appeal are assessed to plaintiff.

AFFIRMED.