SWIFT, Judge.
This suit was brought by Wilbert Thomas for injuries and damages sustained as a result of an automobile accident allegedly caused by the negligence of Duras Fontenot and Rufus Fontenot, the minor son of Clen-ny Fontenot. Made defendants were Duras and Clenny Fontenot (no relationship), State Farm Mutual Automobile Insurance Company (State Farm), the insurer of Du-ras Fontenot, Southeastern Fidelity Insurance Company (Southeastern), the alleged insurer of Clenny Fontenot, and Hartford Accident and Indemnity Company (Hartford), the plaintiff’s own uninsured or unde-rinsured motorist insurer.
State Farm deposited into the registry of the court its $5,000.00 policy limit with accrued interest and court costs, which was withdrawn by the plaintiff through court order.
Hartford and Thomas settled for $6,000.00 and a compromise agreement was also concluded by the latter and Southeastern for $850.00. The insurance company defendants were dismissed from the suit with reservations of rights and the plaintiff then went to trial against Duras and Clen-ny Fontenot.
The facts of the case are undisputed. On October 13,1977, Thomas was proceeding in a northerly direction on Highway 167 towards Ville Platte, Louisiana, in his 1973 pickup truck. Rufus Fontenot, who was driving Clenny Fontenot’s automobile, was following the Thomas vehicle. An eighteen wheeler truck was parked on the right shoulder of Highway 167 just south of where a private road intersects the highway. It was from this road that Duras Fontenot entered the intersection in his 1949 Chevrolet pickup from behind the eighteen wheeler. Thomas slammed on his brakes, but was unable to avoid a collision with Duras Fontenot’s truck. Rufus Fon-tenot then collided with the rear of the Thomas vehicle.
The trial judge found that the accident was caused solely by Duras Fontenot’s negligence in entering the intersection when his view was obstructed by the eighteen wheeler and rejected plaintiff’s demands against Clenny Fontenot. He found that Thomas sustained $10,000.00 in general damages and incurred medical expenses of $7,324.55 or a total of $17,324.55. However, from this sum the judge deducted $5,000.00 as the amount paid by State Farm under its insurance policy with Duras Fontenot and $6,000.00 as the amount which Thomas received from Hartford, his own insurer. These deductions left plaintiff’s damages in the sum of $6,324.55. However, the trial judge then found that because of his age and financial condition Mr. Duras Fontenot was unable to pay such an award. He therefore reduced the total amount of the decree to $1,800.00.
From this judgment the plaintiff has appealed. We affirm.
*41 The appellant has assigned as errors the trial court’s (1) allowing a credit to Duras Fontenot for the $6,000.00 received in settlement from Hartford and (2) reduction of the award to $1,800.00 because of Duras Fontenot’s age and alleged financial inability to pay.
We are inclined to agree with appellant’s contention that this defendant was not entitled to the $6,000.00 credit for the sum which plaintiff received from his own unde-rinsured motorist carrier, a collateral source to which the tort feasor contributed nothing. Hall v. State, Dept, of Highways, 213 So.2d 169 (La.App. 3 Cir. 1968), writ refused, 252 La. 959, 215 So.2d 128 (La.1968). However, it is unnecessary for us to decide this question in view of the conclusion we have reached in regard to the second assignment of error. Having decided that the trial judge did not abuse his discretion in reducing the judgment to $1,800.00 because Mr. Fontenot is unable to pay any more, whether the plaintiff’s total damages are $6,324.55 or $12,324.55 by reason of the disallowance of the credit for the $6,000.00 paid by Hartford is of no significance.
In his written reasons for judgment the trial judge said:
“Mr. Fontenot is 92 years of age. He receives Social Security benefits, and this is his only source of income. He has $400.00 in the bank. He owns no truck, no cattle, and no land. Considering Du-ras Fontenot’s age and financial condition and ability to respond in damages, the court will reduce the amount of the judgment against him to $1800.00”
Duras Fontenot and his son, Murray B. Fontenot, testified that the father’s monthly social security benefits are about $200.00 and he owns 30 arpents of land on which is located a wooden house, 24 feet wide and 26 feet long with a tin roof. They also said the defendant owes Murray Fontenot $22,-250.00 which was lent over a period of from 20 to 25 years and that such indebtedness is secured by a mortgage on the 30 arpent tract. The mortgage was executed after this accident.. The son further testified that the property is probably worth about $25,000.00.
Although the statement that the defendant owned “no land” in the written reasons for judgment is clearly wrong, we are convinced the judge meant to say that this defendant owned no unencumbered land. Under such circumstances we cannot say that the trial judge abused his “much discretion” in reducing the award based on the defendant’s inability to pay.
The appellant objected to the admissibility of evidence on this subject on grounds of relevancy and as a deprivation of his constitutional right to just compensation. It was overruled, but made general. Inasmuch as defendant’s brief does not mention the objection, we assume that it has been waived.
It is well settled in our jurisprudence that in awarding damages the trial court may consider the ability of a defendant to respond in judgment. Williams v. Garner, 268 So.2d 56 (La.App. 1 Cir. 1972). And the defendant’s ability to pay is a factor which can be taken into consideration in awarding either special or general damages. State Farm Fire and Casualty Co. v. Drost, 330 So.2d 393 (La.App. 3 Cir. 1976). There is no requirement that this subject be specially pleaded as a defense. If surprised, the proper remedy for the plaintiff is to request a continuance for time to investigate the matter. Williams v. Garner, supra. No such action was taken in this case.
From the uneontradicted testimony of Duras and Murray Fontenot, we must conclude that the indebtedness and mortgage actually existed. Such being the case, either in the execution of this judgment or a foreclosure of the son’s mortgage, after payment of court costs Duras Fontenot would be left with very little even if the property was bid in at the sheriff’s sale for its full $25,000.00 value. Thus, it is rather clear that he can barely afford the necessities of life on the basis of his income and possessions. We therefore are unable to say that the reduction of the award constituted an abuse of discretion.
*42 For the foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.