414 So.2d 1217 (1982)
Robert G. SUHOR, Jr.
v.
Richy J. GUSSE and Donald Bellow, et al.
No. 81-C-2825.
Supreme Court of Louisiana.
March 19, 1982.
*1218 Robert Barkley, Jr., Linda S. A. Burke, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, New Orleans, for defendant-applicant.
John A. Occhipinti, Christopher T. Grace, Jr., Occhipinti, Grace, Berger & Dunford, Ben C. Toledano, Michael K. Fitzpatrick, Margaret A. Bretz, Porteous, Toledano, Hainkel & Johnson, New Orleans, for plaintiffs-respondents.
PER CURIAM.
Writ denied, La.App., 403 So.2d 83.
In Southern Farm Bureau Casualty Ins. Co. v. Sonnier, 406 So.2d 178 (La.1981), we held that an insurer which makes payment to its insured pursuant to its insurance policy may enforce a conventional subrogation agreement contained in the policy; and that an insurer which pays its insured only a part of the damages to which an insured is entitled from a tortfeasor becomes only partially and subordinately subrogated to the insured's right. See also, Bond v. Commercial Union Assurance Co. et al., 407 So.2d 401 (La.1981).
The policy issued by State Farm contains a conventional subrogation agreement. However, State Farm's third party demand against the tortfeasors is moot in this case because the inability to pay doctrine applies to both the plaintiff and to his insurer's claim in subrogation, judgment has been rendered in favor of the plaintiff against the tortfeasors to the full extent of their ability to pay, and the plaintiff is entitled to exercise his right for the balance of his partially paid claim in preference to the insurer-subrogee. See Bond v. Commercial Union Assurance Co., supra; Southern Farm Bureau Casualty Ins. Co. v. Sonnier, supra.