LABORDE, Judge.
This matter returns to this court on remand from the Louisiana Supreme Court[1] with instructions that our judgment, reported at 387 So.2d 617 (La.App. 3rd Cir. 1980), should be amended to allow the subrogation claim of Lumbermen’s Mutual Casualty Company. In fixing the amount due Lumbermen’s under its subrogation claim we are instructed as follows:
“For the foregoing reasons, we conclude that the court of appeal’s judgments in favor of the plaintiffs are correct and should be affirmed. The judgment rejecting Lumbermen’s subrogation claim in Bond v. Commercial Union Assurance Company, 387 So.2d 617, must be amended, however, because upon payment to the plaintiffs the insurer is entitled to be subrogated to their rights against the tortfeasor. In reforming this judgment evidence of Cindy Jack’s inability to pay must be taken into consideration.”
*573 Our review of the record indicates that on the trial date, Cindy Jack, who was 21 years old, was unemployed. She was a student at U.S.L. Cindy’s father died when she was 15 years old leaving six (6) children and no estate. Cindy’s mother was employed as a cook. To pursue her studies, Cindy obtained a loan which she supplemented with a student job. Her total assets consisted of a 1965 Oldsmobile, $30 in a bank account, an electric typewriter, a small refrigerator, and her personal clothing.
Considering the income and possessions of Cindy Jack, her present financial condition and her ability to respond in damages, we will limit the amount of the judgment against her to $5,000. See Thomas v. State Farm Mutual Automobile Insurance Company, 391 So.2d 39 (La.App. 3rd Cir. 1980) and Comeaux Greyhound Lines, Inc., 381 So.2d 910 (La.App. 3rd Cir. 1980).
Accordingly, the decree portion of our original judgment, reported at 387 So.2d 617, is hereby amended to read as follows:
For the reasons set forth herein and in the companion case the judgment of the trial court dismissing plaintiffs’ demands is reversed and accordingly, it is Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiffs and against defendant Commercial Union Assurance Company for the sum of Two Thousand Five Hundred Twenty-Four Dollars and Seventeen Cents ($2,524.17), together with legal interest from date of judicial demand until paid.
It is further Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiffs and against defendant Lumbermen’s Mutual Casualty Company for the sum of Fifty Thousand Four Hundred Eighty-Three Dollars and Forty-One Cents ($50,483.41), together with legal interest thereon from date of judicial demand until paid.
It is further Ordered, Adjudged, and Decreed that the judgment of the District Court dismissing the third party demands of Commercial Union against Cindy Jack is affirmed. However the District Court judgment is amended to allow Lumbermen Mutual’s subrogation claim against Cindy Jack in the sum of Five Thousand and No/100 ($5,000) Dollars, together with legal interest from date of judicial demand until paid.
It is further Ordered, Adjudged, and Decreed that the judgment herein is to be consolidated with, and not added to, the judgment that was heretofore rendered in the companion suit, # 7489.
Defendants herein are cast for all costs in this suit. Costs are to be paid by defendants in proportion to their liability for the entire amount of the judgment.
AMENDED ON REMAND AND JUDGMENT AS AMENDED REINSTATED.

. For a complete recitation of the facts and the original and rehearing opinions of the Supreme Court, see Bond v. Commercial Union Assurance Co., 407 So.2d 401 (La.1981).