LOBRANO, Judge.
This lawsuit is the result of a collision that occurred on Causeway Blvd. in Metair-ie, La. on October 18, 1980. The record reflects that a vehicle driven by Patricia Rodriguez was first struck in the rear by a vehicle driven by William Traylor. Approximately two minutes after this impact, the Traylor vehicle was rear-ended by a third vehicle driven by Roger Roy, pushing it (the Traylor vehicle) into the Rodriguez vehicle again.
Patricia Rodriguez and her son, Mitchell Rodriguez, an occupant of the Rodriguez’s vehicle at the time of the accident, filed suit against Traylor and Roy and their respective insurers for injuries allegedly sustained as a result of the collision. George Rodriguez, plaintiff’s husband also filed suit for reimbursement of towing expenses occasioned by the impact.
Prior to trial the Rodriguezs settled with Roy and his insurer but reserved their rights against Traylor and his insurer. Following a trial by jury, verdict was rendered in favor of George Rodriguez for the amount of towing bill. The jury awarded Patricia Rodriguez $25,000.00 general damages, past medical expenses of $8,500.00, future medical expenses of $4,800.00 and loss of past wages in the amount of $14,-500.00. There was no award made for loss of future wages, nor did the jury find that Mitchell Rodriguez had sustained any injuries.
The trial judge, based on the jury’s finding of negligence on the part of both Tray-lor and Roy, held them to be joint tort-fea-sors and thus liable in solido. As a result, the award to the Rodriguezs was reduced' by half. From this judgment Rodriguez perfects this appeal, alleging the following assignments of error.
1. Failure to award Mitchell Rodriguez damages.
2. Failure of the trial judge to allow evidence and jury charges pertaining to Mitchell Rodriguez’s right to recover damages for his mental anguish concerning the injuries to his mother.
*415 3. The trial court erred in allowing evidence of Traylor’s inability to pay.
4. The trial court erred in the verdict forms submitted to the jury in that they did not provide for a determination of damages prior to a reduction for inability to pay.
5. The application of the inability to pay rule with respect to special damages.
6. The jury award to Mrs. Rodriguez for general damages was too low.
7. The jury was in error in finding that Traylor and Roy were joint tort fea-sors.
ASSIGNMENT OF ERROR NO. 1
Mitchell Rodriguez argues that the jury erred in failing to award him any damages at all despite his testimony that he sustained injuries in the accident. The record is clear, however that Mitchell received no medical attention for his alleged injuries. The only evidence to substantiate his claim was his own testimony.
Despite the numerous cases cited by appellant to the effect that medical evidence is not necessary to substantiate an award for personal injuries, we will not invade the province of the jury on this factual determination. We find no manifest error on their part, and see no reason to disturb their findings.
ASSIGNMENT NO. 2
Mitchell Rodriguez argues that the trial court erred in not allowing him to introduce evidence of his mental anguish over the injuries sustained by his mother, and not charging the jury that he should be allowed to collect damages for that mental anguish. In support of this position he cites this court’s decision in Blackwell v. Oser, 436 So.2d 1293 (La.App. 4th Cir.1983), writ denied 442 So.2d 453 (La.1983). Appellant’s reliance on Blackwell, however, is misplaced. In that case, this court reaffirmed the doctrine established in Black v. Carrollton Railroad Company, 10 La.Ann. 33 (1855) which held that there can be no recovery for the mental anguish suffered as a result of injury to another person. Although we affirmed the pregnant mother’s claim for mental anguish sustained because of her child’s birth defects allegedly caused by the negligent obstetrician, we did so on the basis that the obstetrician breached an independent duty owed to her. That duty was described as "... the duty owed by an obstetrician toward his patient, a pregnant mother, includes the obligation to avoid treating her in such a manner as to cause injury to the child.” Blackwell v. Oser, supra, at 1299. The breach of an independent legal or contractual duty can give rise to a cause of action for mental anguish humiliation, etc., but that duty must exist. In the instant case there was no such duty.[1] We hold that the trial court was correct in not allowing evidence of or a jury charge concerning recovery by Mitchell Rodriguez for mental anguish over his mother’s injuries.
ASSIGNMENT NOS. 3 and 5.
Appellants argue that the trial court erred in allowing the jury to consider evidence of Traylor’s inability to pay. The trial court based its decision on Suhor v. Gusse, 388 So.2d 755 (La.1980); on remand 403 So.2d 83 (La.App. 4th Cir.1981); writ denied 414 So.2d 1217 (La.1982). In that case our Supreme Court stated:
“Under Louisiana law, a defendant can introduce evidence of his impecunious condition at the time of trial. Guy v. Tonglet, 379 So.2d 744 (La.1980). The ‘inability to pay’ rule dates back to Williams v. McManus, 38 La.Ann. 161 (1886) and Loyacano v. Jurgens [50 La. Ann. 441], 23 So. 717 (1898), and has been consistently applied to Louisiana courts ever since. The ability of the defendant to respond in damages is a proper subject in assessing damages.” Suhor v. Gusse, supra at 757.
Relying on Hryhorchuk v. Smith, 390 So.2d 497 (La.1980) U.S. cert denied 459 U.S. 1061, 103 S.Ct. 484, 74 L.Ed.2d 629 *416 (1982) appellants argue that the inability to pay doctrine cannot be used when the disparity is so great between the damages and the defendant’s inability to pay that they cannot be meaningfully reconciled. However, in that case our Supreme Court did not deal directly with the inability to pay doctrine,- nor was it an issue discussed. Appellant’s only comfort comes from footnote 4 of the opinion which was not a ruling of the court, but merely language extrapolated from the trial court’s reasons for judgment.
Furthermore, despite appellant’s argument to the contrary, Suhor, supra, does not distinguish between special and general damages in the application of the inability to pay doctrine. This Court’s decision in Becnel v. Ward, 286 So.2d 731 (La.App. 4th Cir.1974); writ denied 290 So.2d 900 (La.1974) held that special damages may not be reduced since they are not a matter of the trial court’s discretion as are general damages. However, after a review of this decision we are of the opinion that the ruling in Suhor, supra is controlling.[2] Clearly the rationale behind the doctrine, humane consideration for the plight of an impecunious defendant, is no less served in the area of special damages. A defendant is no more able to respond in special damages for amounts beyond the scope of his insurance coverage than he would be for general damages.
ASSIGNMENT NOS. 4 and 7
Without citing authority in support thereof, Mrs. Rodriguez argues that the trial court erred by allowing the jury to consider Traylor’s inability to pay in arriving at a final figure for her special damages. It is argued that this was incorrect in that an award of damages should first have been made by the jury, then a reduction made by the trial court for inability to pay. Rodriguez further argues that since the jury’s award was cut in half because of the prior settlement with a joint tort-fea-sor, the error was compounded.
We disagree. The inability to pay evidence is different from the issue of soli-dary tort feasors. Certainly the issue of inability to pay was a proper consideration for the fact finder in reaching its decision. We find no support for allowing a separate reduction of the award by the trial judge.
Furthermore, it is well settled that when there are two joint tortfeasors and one is released, a plaintiff can only claim one-half of the total award against the remaining tortfeasor. Raley v. Carter, 412 So.2d 1045 (La.1982). Nevertheless, the remaining tortfeasor has the burden of proving the fault of the released tortfeasor before the award will be reduced. Raley, supra.
There is ample evidence from which the jury could conclude that Mrs. Rodriguez’s injuries were caused by both impacts, and that both Traylor and Roy were negligent. The record reflects that Roy collided with the rear of Traylor’s vehicle after he (Traylor) had collided with the rear of Mrs. Rodriguez’s vehicle while she was stopped in traffic. Additionally the investigating police officer testified that Roy smelled of alcohol and refused to take an intoximeter test. All of this is sufficient to substantiate the jury’s finding, and we cannot say that it was manifestly erroneous. See, Canter v. Koehring, 283 So.2d 716 (La.1973).
ASSIGNMENT NO. 6.
Lastly, Mrs. Rodriguez argues that the jury award was too low, and thus manifestly erroneous. Our standard of review in such cases is guided by the principles set out in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), wherein our Supreme Court stated:
“We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the *417 record must clearly reveal that the trier of fact abused its discretion in making its award, [citations omitted] Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court, [citations omitted] It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion simply to decide what it considers an appropriate award on the basis of evidence.” Coco v. Winston Industries, supra at 335.
Applying the above cited standard we cannot say that the trial jury abused its discretion in this case.
A review of the medical evidence shows that appellant was treated for her injuries by two physicians, Dr. Bertucci and Dr. Llewellyn. She first saw Dr. Bertucci who hospitalized her on October 26, 1980 because of complaints of severe headaches. Various tests were performed, including a myelogram which proved negative. Dr. Bertucci diagnosed her injuries as: contustion to left side of the forehead, acute cervical sprain, sprain of muscles between neck and shoulder, strain of musculature of the right anterior lateral chest wall, sprain of the left forefinger and acute low back strain. He prescribed muscle relaxants, pain medication and concluded that her con-valesence could be delayed somewhat because of preexisting arthritis.
Because of persistent back pain, appellant sought additional treatment from Dr. Llewellyn, a neurosurgeon. He hospitalized her on two occasions. The first was on November 30, 1980. At that time he opined, because of a positive Cat Scan, that surgery on her back was necessary. A disc operation was performed at the L4-L5 space, as well as the L5-S1 space. Appellant felt better after this surgery, and remained fairly stable until March of 1981 when she was readmitted because of “needle like” feelings in her arms and legs. She also had problems controlling her bladder.
Believing that pinched nerves were the source of the problem, Dr. Llewellyn again performed surgery to correct this problem. Appellant was discharged November 5, 1981.
Although we concede the injuries sustained appear to be worth more than the award given by the jury, we cannot say it is such an abuse of discretion as to warrant our interfering with same. This is especially true in light of the jury’s consideration of defendant’s evidence of inability to pay.
For the reasons assigned herein, this matter is affirmed. Appellants to pay all costs of this appeal.
AFFIRMED.

. See, Holland v. St. Paul Mercury Insurance Co., 135 So.2d 145 (La.App. 1st Cir.1961) and the several quasi or implied contract cases cited therein.

. This writer is of the further opinion that the particular language of Becnel, supra, dealing with special damages is merely dicta.